[No. 8832.  In Bank. — September 29, 1886.]

## HENRY K. MITCHELL, RESPONDENT, *v.* JEREMIAH CLARKE, APPELLANT.

CONTRACT — BREACH OF — SPECIAL DAMAGES MUST BE AVERRED. — The action was brought to recover damages for the breach of a contract whereby the defendant agreed to pay to a creditor of the plaintiff a certain sum of money intrusted to him by the latter for such purpose.  On the trial, for the purpose of showing the damages caused by reason of the non-payment by the defendant, the plaintiff, against the objection of the defendant, gave evidence that a creditor had brought an action against him for the money, in which his property had been attached and sold at a sacrifice as perishable, to his consequent injury.  *Held*, that the damages were not such as naturally flowed from the breach of the contract, and that evidence thereof was inadmissible, without an averment in the complaint of special circumstances entitling the plaintiff thereto, of which the defendant had knowledge at the time of entering into the contract.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover damages for the failure of the defendant to pay to one Jackson, a creditor of the plaintiff, certain money which had been intrusted to him for such purpose by the plaintiff, and which he had agreed to pay.  The further facts are stated in the opinion of the court.

*Tyler & Tyler*, for Appellant.

The damages caused by the attachment suit were improperly allowed.  (Civ. Code, sec. 3302; *Hayden* v. *Cabot*, 17 Mass. 169; *Travis* v. *Duffau*, 20 Tex. 49; *Dorwin* v. *Potter*, 5 Denio, 306; *Hordern* v. *Dalton*, 1 Car. & P. 181; *Miller* v. *Mariner's Church*, 7 Greenl. 51; *Simpson* v. *Griffin*, 9 Johns. 131; *Heyman* v. *Landers*, 12 Cal. 107; *Lally* v. *Wise*, 28 Cal. 539.)

*Henry E. Highton*, for Respondent.

The damages were allowable and properly admitted in evidence under the pleadings.  (Civ. Code, sec. 3300.)

McKINSTRY, J.—In *Hadley* v. *Baxendale*, 9 Exch. 341, it was laid down that the damages which one party to a contract ought to receive in respect to a breach of it by another are such as arise "naturally"—that is, in the usual course of things—from the breach itself, or such as may reasonably be supposed to have been contemplated by the parties when making the contract as the probable result of the breach. The doctrine of that case has since been followed, and is said by Lord Campbell to accord with the Code Napoleon, with Pothier, and "with all the authorities." (*Smeed* v. *Foord*, 1 El. & E. 612.) When reference is made to the terms of the contract alone, there is ordinarily little difficulty in determining what damages arise from its breach in the usual course of things, and the parties will be presumed to have contemplated such damages only. But where it is claimed the circumstances show that a special purpose was intended to be accomplished by one of · the parties (a failure to accomplish which by means of the contract would cause him greater damage than would ordinarily follow from a breach by the other party), and such purpose was known to the other party, the facts showing the special purpose and the knowledge of the other party must be averred. This rule has frequently been applied to the breach of a contract for the sale of goods to be delivered at a certain time. In such cases the general rule of damages is fixed by reference to the market value of the goods at the time they were to have been delivered, because in the usual course of events the purchaser could have supplied himself with like commodities at the market price. And if special circumstances existed entitling the purchaser to greater damages for the defeat of a special purpose known to the contracting parties (as, for example, if the purchaser had already contracted to furnish the goods at a profit, and they could not be obtained in the market), such circumstances must be stated in the declaration with the facts which, under

the circumstances, enhanced the injury. (1 Sutherland on Damages, 764.)

Here the plaintiff placed in the hands of the defendant a certain sum of money, to be paid when it should become due from the plaintiff to a third person with whom plaintiff had contracted. The consequence which would follow, in the usual course, from a failure of the defendant to pay the money, would be that plaintiff would be obliged himself to pay his creditor. If the plaintiff was insolvent when he intrusted defendant with the money, and the circumstances—known to defendant—were such as that the sacrifice of plaintiff's only property would probably follow from defendant's neglect to pay the money to Jackson, it might be argued that such sacrifice and consequent greater damages than would usually flow from a breach of a like contract were in the contemplation of defendant as well as of plaintiff when their contract was entered into. We express no opinion whether the complaint herein may be amended, or in what particulars; nor do we express any opinion as to what injuries may be proved in case of any supposed amendment, as flowing naturally and directly from facts which may be alleged in the complaint as amended and established by evidence. It is enough to say that, under the present complaint, evidence with respect to the action brought by Jackson against plaintiff, the attachment of his property, its sale as perishable, and the consequent loss, was not admissible.

The complaint herein alleges no facts showing it was known to defendant that damages would probably flow from a breach of the contract by him greater than such as would follow from a breach of the contract "in the usual course of things." The averment that the defendant knew that the plaintiff "fully and exclusively" relied on the defendant to pay fifteen hundred dollars, as he agreed to pay it, is but an averment of that which would be implied from the contract. "Parties when they enter

into contracts may well be presumed to contemplate the ordinary and natural incidents and consequences of performance or non-performance; but they are not supposed to know the conditions of each other's affairs, nor to take into consideration any existing or contemplated transactions not communicated nor known with other persons. Few persons would enter into contracts of any considerable extent, as to subject-matter or time, if they should thereby incidentally assume the responsibility of carrying them out, or be held legally affected by other arrangements over which they have no-control, and the-existence of which is unknown to them." (1 Sutherland on Damages, 77.)

In *Hadley* v. *Baxendale, supra,* Alderson, B., said: "Now, if the special circumstances under which the contract was actually made were communicated by the plaintiffs to defendant, and thus known to both parties, the damages resulting from a breach of such contract which they would reasonably contemplate would be the amount of injury which would ordinarily follow from a breach of contract under the special circumstances known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he at most could only be supposed to have had in contemplation the amount of injury which would arise generally, and in the great multitude of cases not affected by any special circumstances from such a breach of contract." In *Hadley* v. *Baxendale* the declaration averred the special circumstances, but the plaintiff failed to prove that they were communicated to the defendant. The court said: "The only circumstances communicated by the plaintiffs to the defendants were, that the article to be carried was the broken shaft of a mill, and that the plaintiffs were the millers of that mill."

The cases cited in which bankers or others had refused to pay drafts drawn on them by one having sufficient moneys in their hands, or where they had specially agreed

to provide for the drafts, are cases in which the distinction between "general" and "special" damages was recognized.

Under a general allegation of damages a plaintiff may prove and recover those damages which naturally and necessarily result from the act complained of. These damages the law implies will proceed from the act, although the amount may often be in the reasonable discretion of the jury. They are called "general," as contradistinguished from "special," damages, which are required to be specially stated in the declaration.

It was intimated by Lord Tenterden in *Marzetti* v. *Williams*, 1 Barn. & Adol. 415, and was expressly decided in *Rolin* v. *Steward*, 14 Com. B. 595, that a banker who refuses to pay a check or draft drawn by a customer who had sufficient funds in the banker's hands is liable not only in nominal damages, but in real and substantial damages. In the latter case an instruction to the jury was approved, in which they were told they ought to give, "not nominal or excessive, but reasonable and temperate, damages"; that is, that the jury might assume, because under the circumstances the law would imply, some injury from the breach of the contract, although no actual damage was proved, and that it was their province reasonably to assess the general damages.

In *Larios* v. *Bonany*, 5 P. C. App. Cas. 346, certain items of special damage were alleged, of which the court held that one only (five dollars, the cost of protest) should be allowed. It also reduced the amount found as general damages by reason of a presumed loss of credit by the plaintiff.

In *Prehn* v. *Royal Bank*, L. R. 5 Exch. 92, the plaintiff recovered certain special damages alleged and proved, and does not seem to have recovered anything by way of general damages.

*Boyd* v. *Fitt*, 14 Ir. C. L. 43, was an action against a defendant upon a contract, whereby he agreed to act as

agent in Glasgow for the plaintiffs. Part of the agreement was, that the defendant should open a cash account in a bank to the amount of five hundred pounds, to be used in honoring and retiring cash orders of the plaintiffs; the latter to put in the hands of the defendant a sum equal to the full amount of orders drawn. Although more than the amount was in his hands, defendant failed to have funds in bank to meet an order for £250 which was dishonored, to (as was alleged) the special injury of plaintiffs, whose credit and business were thereby injured. The special injuries of the plaintiffs were pleaded, since at the trial the lord chief baron "allowed the names of certain persons who had withdrawn their business from the plaintiff, in consequence of their bills having been dishonored, to be introduced into the summons and plaint in addition to those therein mentioned." (Id. 44.) It is true, Lefroy, C. B., seems to have intimated that as the jury had found that the special damages were the natural consequences of defendant's breach of contract, the finding could be treated as if it were a finding of general damages. (Id. 56.) But the special injuries, although the natural, were not the necessary consequence of the breach, and it was requisite to plead them as they were in fact pleaded. The general damages which are implied from a breach of contract, and which need not be pleaded, must not be confused with special damages, which will not be presumed from the mere breach, but yet may have occurred by reason of injuries following from it. Such special injuries, if they have occurred, must be averred, in order that the defendant may have notice of and be prepared to contest them.

Reference has been made to *Fisher* v. *Val de Travers Asphalte Co.*, 1 C. P. 511, where plaintiff averred certain special damages as being the natural, although not necessary, consequence of a breach of contract. (*Vide* 1 Sutherland on Damages, and cases cited.) The court allowed part of the special damages claimed, and rejected the rest.

As we understand them, none of the cases referred to hold that, where the damages sustained are not such as would arise naturally "in cases not affected by any special circumstances," the plaintiff may prove such damages without averring the special circumstances (and the other party's knowledge of them) which would entitle him to claim greater damages than such as arise "in the usual course of things."

Evidence on the part of plaintiff of damages beyond such as the plaintiff would ordinarily be entitled to recover for a breach of the contract set forth in the complaint was objected to by the defendant herein, who excepted to the ruling of the court admitting such evidence. Under the averments of the complaint, the plaintiff should have been limited to a recovery of one thousand five hundred dollars, and interest.

Judgment and order reversed, and cause remanded for a new trial.

McKEE, J., ROSS, J., and MORRISON, C. J., concurred.

THORNTON, J., concurring. — I concur in the judgment of reversal, and remanding the cause for a new trial, but differ *in toto* from the reasons assigned for such judgment in the opinion.

Rehearing denied.