[No. 14526.   Department Two. — December 3, 1892.]

## ROBERT ACHESON, RESPONDENT, *v.* THE WESTERN UNION TELEGRAPH COMPANY, APPELLANT.

TELEGRAPH COMPANY — NEGLIGENCE IN TRANSMITTING MESSAGE — PLEADING — CONSIDERATION OF CONTRACT. — A complaint against a telegraph company which alleges that the plaintiff's assignors presented a message to the company, which the company undertook to forward, but that by reason of its gross negligence and carelessness the message was erroneously worded, whereby the senders of the telegram were damaged in a certain sum, but which fails to allege either a contract in writing to transmit the message, or a consideration for the company's undertaking to transmit it, states no cause of action.

ID. — DAMAGES — SPECIAL DAMAGE — NOMINAL DAMAGES — JUDGMENT BY DEFAULT — INSUFFICIENT COMPLAINT. — An averment in the complaint, that by reason of the negligence and gross carelessness of the telegraph company in forwarding the message, the senders " were prevented from buying and purchasing a lot of hops, consisting of 152 bales, averaging 180 pounds per bale, at 8½ cents per pound, and amounting to $2,325.60," and that by reason thereof the senders " were damaged in the sum of $684 dollars," is insufficient to show any special damage, for want of averments showing that plaintiff suffered loss from not buying the hops at the named price, and cannot support a judgment for more than nominal damages. A judgment by default for the damages specified in the complaint will be reversed upon appeal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*R. B. Carpenter*, for Appellant.

The law does not imply damages from the error in the message, and the damages being special, arising out of the circumstances of the case, the facts should have been specially alleged, to enable the court to determine that damages had been sustained, and give the defendant notice of the facts upon which plaintiff relied, to enable it to make a proper defense. (*Erwin* v. *Harris*, 87 Ga. 333; *Clements* v. *Beatty*, 87 Ala. 238; *Alexander* v. *Western Union Tel. Co.*, 67 Miss. 386, and cases cited; *Dennis* v. *Leaton*, 72 Mich. 586; *Eastern Ice Co.* v. *King*, 9 S. E. Rep. 506; *Shaw* v. *Hoffman*, 21 Mich. 151; *Nunan* v. *City and County of San Francisco*, 38 Cal. 689; *Bristol Mfg. Co.* v. *Gridley*, 28 Conn. 201; *Chamberlain* v. *Porter*, 9 Minn. 260; *McTavish* v. *Carroll*, 13 Md. 429.) The well-settled rule is, that each party must allege every fact that he is required to prove, and that he will be prevented from proving any fact not alleged. (*Green* v. *Palmer*, 15 Cal. 412; 76 Am. Dec. 492; *Jerome* v. *Stebbins*, 14 Cal. 457; *Uhlfelder* v. *Levy*, 9 Cal. 608; *Hentsch* v. *Porter*, 10 Cal. 555; *Abbe* v. *Marr*, 14 Cal. 210.)

*A. Heynemann*, for Respondent.

The demurrer was properly overruled. To have stated

any more in the complaint than as in said complaint contained would be a statement of evidence of facts. (*Green* v. *Palmer,* 15 Cal. 415; 76 Am. Dec. 492.) The facts stated are ultimate facts. (*Thomas* v. *Desmond,* 63 Cal. 426; *Conner* v. *Bludworth,* 54 Cal. 635; *Jones* v. *City of Petaluma,* 36 Cal. 232; *Abadie* v. *Carrillo,* 32 Cal. 176.) Even conceding that the complaint did not contain a formal allegation of how the precise amount of damages accrued, still the substantial rights of the defendant were not affected thereby. (*Riser* v. *Walton,* 78 Cal. 491.)

The COURT. — Appeal from a judgment entered by the clerk upon default.

Defendant demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which was overruled, and the default was entered for want of an answer. The sole question is, whether the complaint is sufficient to sustain the judgment.

The complaint, in the first paragraph, alleged the incorporation of defendant, " and that said corporation is, and was at all the times hereinafter mentioned, engaged in the business of telegraphing for hire."

The second paragraph alleged the partnership of Philip Wolf & Co.

The third paragraph contained the following allegations: " That on the twentieth day of December, 1889, the said firm of Philip Wolf & Co. presented to the defendant, at its office in San Francisco, state of California, and said defendant undertook to forward the same, a message of the following tenor," etc., setting out that and several other messages between said firm and their agent at Independence, and other places in Oregon, relating to the purchase of hops, though that did not appear in any of the telegrams.

The message upon which this action is based was sent by Berheim (the agent), from Independence, Oregon, December 23, 1889, to said firm at San Francisco, and, as written, was as follows: —

"Have refusal Hill lot eight hours tannery taciturn answer Portland."

As transmitted, the word "hours" was converted into the word "hows." The cipher-word "tannery" means "eight," and "taciturn" means "one half."

The fifth paragraph is as follows: —

"That by reason of the gross carelessness and negligence of the defendant in so forwarding the telegram containing the error of "hows" for "hours," the said Messrs. Philip Wolf & Co. were prevented from buying and purchasing a lot of hops, consisting of 152 bales, averaging 180 pounds per bale, at 8½ cents per pound, and amounting to $2,325.60; and that by reason of the gross carelessness and negligence of said defendant, the said Philip Wolf & Co. were damaged in the sum of six hundred and eighty-four ($684.00) dollars."

Wolf & Co., after presenting their claim to defendant, assigned it to plaintiff.

1. The demurrer should have been sustained.

No consideration is alleged for the defendant's undertaking to transmit the message. "Contracts, to be valid, must be formed upon a consideration, and, except as to those that import it, the consideration must be proved, and consequently should be stated." (Bliss on Code Pleading, sec. 268.) The exceptions at common law were contracts under seal, and under the statute, all contracts in writing.

The agreement to forward the message in question is not alleged to have been in writing, and therefore a consideration should have been alleged.

2. The judgment is for the full amount prayed for, and the averments of the complaint do not sustain such a judgment. The gist of the action is for the recovery of special damages, and there is no allegation of special damage. Nominal damages only were recoverable on the complaint. If plaintiff suffered special damage by the failure to purchase certain hops, there should have been averments under which evidence of such special damage, and the facts upon which it rested, could have

been introduced. No damage, unless nominal, necessarily resulted from the alleged breach of contract. There is nothing to show that plaintiff suffered any loss because he did not buy the hops at the named price; he may have saved money by not making the purchase. Of course this attack on the judgment by appeal is direct, and not collateral.

The judgment is reversed, with directions to the court below to sustain the demurrer, with leave to plaintiff to amend his complaint, if so advised.