[S. F. Nos. 1722–1724 and 2228–2291.    Department One.—March 26, 1901.]

## BOWERS' CALIFORNIA DREDGING COMPANY, Respondent, v. SAN FRANCISCO BRIDGE COMPANY, Appellant.

Action upon Contract — Pleading — Evidence — Admissibility of Contract — Limitation of Evidence not Requested. — In an action upon a contract of the defendant to pay to the plaintiff a certain percentage of its gross receipts under a government contract, the agreement between the parties is admissible in evidence to the extent to which it sustains the allegations of the complaint; and where no objection was made by the defendant on the ground that it contained other matters not relevant to the allegations, and no request was made to have the effect of the evidence limited, the entire agreement was properly admitted in evidence.

Id. — Recital in Contract — Right to Use Patents — Grant of Licence in Præsenti — Condition Precedent. — Where the contract recited the right of plaintiff to use certain patents, and by its terms the plaintiff made a grant *in præsenti* of an exclusive license to the defendant to use the patents referred to, in consideration of defendant's agreement to make the payments sued for, it shows no condition precedent to be performed by the plaintiff in regard to such patents or license before it became entitled to receive the money which the defendant agreed to pay to it.

Id. — Recital Consistent with Grant — Acceptance of Grant — Admission — Burden of Proof. — The recital of the right of pla ntiff to use the patents was not inconsistent with the right to grant a license for such use to defendant; and the acceptance of the grant by defendant was an admission of plaintiff's title and right to make the grant. If nothing passed by the grant, the burden was upon the defendant to establish that fact by competent evidence.

Id. — Executory Covenant — Free Use of Dredging-machine. — An executory covenant to give to the defendant the free use of a dredging-machine in which he owned one half interest, provided defendant could obtain the consent of the owner of the other half interest, does not make its performance a condition precedent to the right to recover the percentage agreed to be paid by the defendant to the plaintiff.

Id. — Default of Plaintiff — Burden of Proof. — The defendant could not put the plaintiff in default upon such executory covenant, until the defendant had obtained the consent of the other half owner, and the performance of that preliminary ·condition must be affirmatively shown by the defendant. The default of plaintiff upon that covenant might give defendant a cause of action against the plaintiff, but would not prevent the plaintiff from enforcing its claim against the defendant.

ID.—REVIEW UPON APPEAL FROM JUDGMENT—ABSENCE OF FINDINGS AND EVIDENCE—PRESUMPTION.—Upon an appeal from a judgment, without a bill of exceptions, where findings were waived, and the evidence is absent from the record, it must be presumed that the evidence was sufficient to sustain the judgment.

APPEALS from judgments of the Superior Court of the City and County of San Francisco and from orders denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

R. Percy Wright, for Appellant.

Albert C. Aiken, for Respondent.

HARRISON, J.—The parties hereto entered into a written agreement, July 21, 1897, wherein, after reciting, among other matters, that the plaintiff was the owner of the right to use certain patents in the state of California, and was also the owner of a one-half interest in a dredging-machine, the defendant agreed that if it should secure from the United States government a certain contract for dredging at Mare Island, or if its dredging-machine should be used on said work, it would pay to the plaintiff seven per cent of the total gross amount paid by the government for the work on said contract, said payments to be made monthly, within five days after the defendent should receive its monthly estimates on account of said contract. Immediately following the above agreement on the part of the defendant, was the following: "In consideration of said agreement to pay the amount and in the manner above specified, and the further consideration of one dollar to it in hand paid, the receipt of which is hereby acknowledged, the party of the second part hereby grants an exclusive license to the party of the first part to use the aforesaid patents, or any or all of them, on said dredging, and further agrees to give to it the free use on said contract of its one-half interest in the certain Von Schmidt dredging-machine hereinbefore mentioned, until the completion of said contract, provided the other half can be obtained from A. W. Von Schmidt, it being understood that the party of the first part, if it desires to use said Von Schmidt machine, must at its own expense arrange for the use of the other one-half interest of said dredger with A. W. Von Schmidt."

The defendant thereafter obtained from the government the dredging contract referred to in the agreement, and performed the dredging required thereby, and employed on said work the dredging-machine referred to in said agreement, and received from the government monthly payments on account of said contract, but did not pay to the plaintiff any of the sums agreed by it to be paid. The plaintiff has brought the present actions for the recovery of these several monthly payments. Judgment was rendered in favor of the plaintiff, and the defendant has appealed.

In the appeals numbered as above, 1722, 1723, and 1724, the complaints alleged the execution of the contract between the parties; that the defendant had obtained the contract from the government; that it had received certain amounts from the government for the work done under the contract, and had not paid any part thereof to the plaintiff. The defendant answered the complaint, and denied therein that the government had paid it any sum of money whatever, and the cause was tried upon this issue. At the trial the plaintiff offered the written agreement in evidence, to which the defendant objected, upon the ground that it is not in accordance with the allegations of the complaint, and is at variance with the contract therein-alleged; and on the further ground that it was irrelevant, immaterial, and incompetent. The court overruled the objection, and admitted the instrument in evidence, and the defendant excepted thereto. The plaintiff also offered evidence in support of its allegation that the government had made the payments to the defendant, and rested. The defendant then moved for a nonsuit, upon the grounds that there was no evidence that the plaintiff had ever fulfilled the conditions of the contract alleged in the complaint; nor any evidence that it had ever granted to the defendant a license for the use of any patent; nor any evidence that it ever owned any patent, or any interest therein, or ever had any authority to grant a license for its use. The motion for a nonsuit was denied. No evidence was offered by the defendant, and the case was submitted to the jury, who rendered a verdict in favor of the plaintiff. From the judgment entered thereon and from an order denying a new trial the defendant has appealed.

1. The agreement between the parties was properly admitted in evidence. Although it contained matters which were not included in the complaint, it contained evidence both rel-

evant and material in support of the allegations therein. To the extent that it tended to establish these allegations, there was no variance. No objection was made by the defendant on the ground that it contained other matters than those which were relevant to the allegations in the complaint. If the defendant had desired to exclude them from consideration, he should have so requested when the instrument was offered in evidence, and the court would have limited it accordingly. It does not appear that they were in any respect considered by the jury.

2. The agreement does not contain any condition precedent to be performed by the plaintiff before it became entitled to receive the money which the defendant agreed to pay to it. By its terms, the plaintiff "*hereby grants* an exclusive license to the defendant to use the patents referred to." This was a present grant, and was made in consideration of the previous agreement on the part of the defendant, and was in no respect executory, but became effective at the execution of the instrument. It cannot be held that the grant thus made was ineffective, merely because the parties had recited in a previous part of the agreement that the plaintiff was the owner of the right to use the patents. Such recital was not inconsistent with its right to grant a license for such use to another, and there is no presumption that the plaintiff did not have such right. The acceptance of the grant from the plaintiff was an admission by the defendant of the plaintiff's title and right to make the grant. If it would claim that nothing passed thereby, it was incumbent upon it to establish that fact by competent evidence.

Neither was the agreement by the plaintiff to give to the defendant the free use of its interest in the Von Schmidt dredging-machine a condition precedent to the right to receive the percentage. This was an executory covenant on the part of the plaintiff, and its performance was conditioned upon the defendant obtaining from Von Schmidt the right to use the machine. The plaintiff would not be in default upon this covenant, unless it should fail to comply therewith after the defendant had obtained Von Schmidt's consent. The defendant could not put the plaintiff in default until this preliminary condition on its part had been performed, and such performance must be affirmatively shown by it. As the performance of this covenant on the part of the plaintiff was not

a condition precedent, a failure to perform it might give to the defendant a cause of action, but would not prevent the plaintiff from enforcing its claim against the defendant.

3. In the appeals numbered as above, 2288, 2289, 2290, and 2291, the agreement is set forth at length in the complaints, and its sufficiency is raised by demurrer thereto, upon the ground that no cause of action is stated; but, under the construction given above to the terms of the agreement, it must be held that a cause of action in favor of the plaintiff is sufficiently stated.

In its answers in these cases the defendant denied that the plaintiff had granted to it any license to use the patents. The issues thus presented were tried before the court, and judgments rendered in favor of the plaintiff. Findings were waived, and there is no bill of exceptions in the record. In the absence of the evidence which was offered at the trial, it must be assumed that it was sufficient to sustain the judgments.

The judgments and the orders denying a new trial are affirmed.

Garoutte, J., and Van Dyke, J., concurred.