[Civ. No. 196.   First Appellate District.—November 28, 1906.]

HARRON, RICKARD & McCONE (a Corporation), Respondent, v. WILSON, LYON & CO. (a Corporation), Appellant.

SALES—CONSTRUCTION OF CONTRACT—TERMS OF INSTRUMENT.—Where it appears from the terms of an instrument connected with the transfer of personal property that it is intended as a purchase and sale thereof, and the vendor merely seeks to retain title until the purchase money is paid, the courts will construe the instrument as one of purchase and sale, irrespective of any name by which the parties have designated it; but in the absence of any evidence of the subsequent conduct of the parties under the instrument, their intention is to be inferred solely from the terms of the instrument itself.

ID.—LEASE WITH OPTION TO PURCHASE—RECOVERY OF RENT.—Where no question of ownership or right of possession is involved, and the terms of the instrument are those peculiar to a lease of machinery as personal property, with an express agreement by the lessee to pay a specified rental for its use during the term of the lease, which confers an option upon the lessee to purchase the property at the end of the term, if the rent has been paid, and the terms of the agreement are undisputed, the instrument must be deemed a lease, and the lessor may recover the unpaid rent, if no valid defense or counterclaim is shown thereto.

ID.—ADMISSION OF INSTRUMENT—ABSENCE OF COUNTER-AVERMENT—LEASE UNAFFECTED.—Where the defendant corporation sued for rent admitted that it executed the instrument described in the complaint, without alleging that the instrument did not correctly represent the

nature of the transaction or the terms of the agreement between it and the plaintiff, it can receive no different construction from that of the lease which the language imports.

ID.—PLEADING—DEFENSE OF WARRANTY—AVERMENTS BY WAY OF RECITAL—ABSENCE OF DIRECT AVERMENTS.—Averments in the answer by way of recital that defendant's agreement ''to take and pay for'' the machinery was in consideration of a warranty by the plaintiff that the machinery had a certain capacity which it did not in fact have, and that the machinery was not fit or proper ''for the purposes for which he purchased it,'' without directly averring that defendant ''agreed to take and pay for'' the machinery, or that it ''purchased'' it, or that it informed plaintiff of ''the purposes'' for which it desired to obtain the machinery, cannot supply the absence of such direct averments.

ID.—DEFECTIVE AVERMENT—OFFER TO RETURN MACHINERY—DEMURRER FOR UNCERTAINTY.—An indefinite averment that ''upon ascertaining these facts'' it offered to return the machinery without stating when the facts were ascertained, and the offer made, makes the answer uncertain, and a demurrer for uncertainty in that respect was properly sustained. The plaintiff had the right to be informed upon the record whether such offer was before or after the date at which, by the terms of the instrument, the payments for its use matured or whether it was before or after the defendant had had the use of the machinery during the period for which it was leased.

ID.—BREACH OF WARRANTY, WHEN NOT A DEFENSE TO RENT—LOSS NOT AVERRED.—A breach of the alleged warranty would be no defense to the plaintiff's claim for rent, if the defendant had had the continual use of the machinery until the end of the term for which it hired it, in the absence of an averment that it had suffered any pecuniary loss by reason of the breach.

ID.—INSUFFICIENT SEPARATE DEFENSE—BREACH OF WARRANTY UPON SALE OF MACHINERY—IDENTITY OF TRANSACTIONS NOT AVERRED—ABSENCE OF PRESUMPTION.—A separate defense, setting up a breach of warranty upon the sale of specified machinery, constitutes no defense to the cause of action for rent under the lease of machinery alleged in the complaint and not denied in the answer, in the absence of an averment that the two transactions were connected or related to each other. The fact that the description of the machinery sold in the separate defense is the same as that of the machinery admitted to have been leased can raise no presumption that it is the same, in the absence of an averment of the identity of the two transactions.

ID.—COUNTERCLAIM FOR DAMAGES—CONNECTION WITH SUBJECT OF ACTION NOT ALLEGED—INDEPENDENT CAUSE OF ACTION—DEMURRER.— A counterclaim for damages for breach of warranty of machinery purchased, which does not allege that it is the same as that covered

by the lease, or is connected with the subject of the action or with the transaction upon which the action is based, is not available under subdivision 1 of section 438 of the Code of Civil Procedure; and if it is set up under subdivision 2 of that section it must state a separate and independent cause of action upon contract, which is subject to the same grounds of demurrer as an original complaint.

ID.—PLEADING—SPECIAL DAMAGES.—Only damages necessarily resulting from a breach of contract can be recovered without special pleading, and if no other than nominal damages necessarily result, all other damages are special damages and must be specially pleaded.

ID.—DAMAGES FOR BREACH OF WARRANTY—SPECIAL AVERMENTS REQUIRED.—To recover other than nominal damages for a breach of warranty upon the purchase of personal property, the complaint, under section 1314 of the Civil Code, must aver the "excess of value," prescribed in that section, or the "loss incurred" by an effort in good faith to use it for the particular purpose for which its fitness was warranted.

ID.—PRESUMPTION OF VALUE—RETENTION OF PROPERTY—LOSS NOT SHOWN.—There is no presumption that machinery is of less value than the amount paid for it, nor does it follow, because it is useless to defendant, and is not suitable for its purpose, that its value has been diminished.   When he retains the property, and no loss is shown by reason of any effort to use it, nothing paid for it is required to be refunded.

ID.—DEFECTIVE ALLEGATIONS OF DAMAGES—SPECIAL DEMURRER.—When the counterclaim set up alleged damages for breach of warranty upon the purchase of machinery in the sum of $1,265.72, without averring any facts to sustain the damages alleged, or to support evidence of substantial damage, a special demurrer thereto for not setting forth in what manner or by what facts the defendant had been damaged in the amount claimed  was properly sustained by the court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

H. M. Owens, and Frank J. Hennessy, for Appellant.

Chickering & Gregory, for Respondent.

HARRISON, P. J.—Action to recover from the defendant rent for the use of certain personal property according to

the terms of a lease thereof, amounting to the sum of $956.28. It is alleged in the complaint that on May 11, 1904, the plaintiff and the defendant entered into and executed a lease in writing of certain personal property (setting forth a copy thereof); that upon the execution of said lease the defendant, by virtue of its provisions, took possession of the property therein described, and has ever since retained the possession thereof, and that no part of the money therein agreed to be paid by it for its use has been paid, and asking judgment therefor.

The following is a copy of the said lease, viz.:

## "LEASE.

"Harron, Rickard & McCone of San Francisco, California, lessor, hereby leases unto Wilson, Lyon & Co., 220 Market street, San Francisco, lessees, the following property for the period of three (3) months from the 10th day of May, A. D. 1904, to wit:

"1—No. 1 American Hoist & Derrick Co. Double Friction Drum Hoist with 15 H. P. Type 'C' Westinghouse Motor direct connected to sketch.

"1—Gipsy for front drum of hoist.

"Said property is to be used only at Franklin, Contra Costa Co., California, and said lessees agree to pay to said lessor at San Francisco, for the use of said property the sum of nine hundred fifty-six and 28-100 dollars ($956.28) payable as follows:

"June 20th, 1904, four hundred seventy-eight and 14-100 ($478.14).

"July 20th, 1904, four hundred seventy-eight and 14-100 ($478.14).

"Said lessees agree that they will pay the rent at the times and in the manner aforesaid; that they will not permit said property, nor any part thereof, to be affixed to real estate, nor removed from where it is to be used aforesaid, nor to deliver the same to anyone, nor suffer it to be taken away by anyone, except lessor, nor in any manner transfer or attempt to transfer this lease, or any interest therein, or in said property, without the written consent of lessor; that they will keep said property in good condition and repair, and pay all expenses relating to said property, hereafter incurred,

including transportation thereof, and all damages to said property suffered by lessor. Said lessees further agree to insure said property in the name of lessor, and that the policy shall be held by lessor.

"It is further agreed that time is of the essence of this agreement, and that upon the failure of the lessee strictly to keep and perform any of the covenants or provisions hereof, by them agreed to be performed, then and thereupon without any notice this instrument shall be deemed to be canceled and of no further effect as against lessor, and all rights and interests of lessee in or to said property shall cease, and all rent by lessee theretofore paid shall belong to lessor as full payment for the prior use of said property, and lessor shall be entitled to take into its possession all said property.

"Said lessor further agrees that upon strict performance by lessee with all the foregoing covenants and provisions by them to be kept and performed, they shall then (but not otherwise) have the right to purchase said property by the prompt payment to lessor of the sum of Two and 00-100 ($2.00) dollars.

"Witness the hands and seals of the parties hereto this 11th day of May, A. D. 1904.

                    "HARRON, RICKARD & McCONE.   [Seal]
                                        "J. O. HARRON.
                    "WILSON, LYON & CO.   [Seal]
                                        "Per J. A. BYRNE,
                                            "Act. Pres.
"Witness to signature of Harron, Rickard & McCone:
        "E. A. St. GERMAIN.
"Witness to signature of Wilson, Lyon & Co.:
        "E. A. St. GERMAIN."

In its answer to the complaint the defendant made no denial of any of its allegations, but set forth two separate and distinct defenses thereto, and also a counterclaim against the plaintiff for the sum of $1,265.72, for which it asked judgment in its favor. The plaintiff demurred to the answer of the defendant on the grounds of ambiguity and uncertainty, and also of its insufficiency to constitute a defense; and also demurred to the counterclaim upon the same grounds. The court sustained these demurrers, and the defendant declining to amend, judgment was rendered in favor of the plaintiff as

prayed for in its complaint. From this judgment the present appeal has been taken.

1. Instruments connected with the transfer of personal property from one person to another, which is in reality a purchase and sale of the property, but where the vendor seeks to retain his ownership until he has been fully paid the purchase price, have been frequently presented to the courts for construction, but the question has generally arisen in actions for determining the right of possession or ownership of the property involved in the transaction; and when it appears from the terms of the instrument that the intention of the parties was to make a sale of the property, courts will give such construction to the instrument irrespective of the name by which the parties have designated it. This intention, however, in the absence of any evidence of subsequent conduct of the parties in reference to their rights under the instrument, is to be ascertained from the terms of the instrument itself. "The question is always one of intention, and whenever, upon a proper construction of the instrument, it appears that it was the intention of the parties thereto that the sale should be conditioned upon the payment of the price, it is the duty of the court to carry out that intention." (*Rodgers* v. *Bachman,* 109 Cal. 552, [42 Pac. 448].) "The question is to be determined wholly by the intent of the parties expressed in and deducible from the contract itself. In arriving at the solution of the question the whole contract is to be considered, and no detached term or condition to be given prominence or effect over and above another." (*Van Allen* v. *Francis,* 123 Cal. 474, [56 Pac. 339].) The construction to be given to the contract "is found in the ruling intention of the parties gathered from all the language they have used." (*Herryford* v. *Davis,* 102 U. S. 235.)

The case herein presented does not involve any question of ownership or right to the possession of the property described in the instrument, but simply calls for the construction of the instrument for the purpose of determining whether any obligation on the part of the defendant is thereby created in favor of the plaintiff. The defendant admits its execution of the instrument, and that it took and still has the possession of the property described therein, and it does not allege any facts tending to show that the instrument does not correctly set forth the transaction between it and the

plaintiff, by virtue of which it received the property. The instrument is entitled "Lease," and by its terms the plaintiff "leased" the property therein described to the defendant for the term of three months, and the defendant agrees to pay to the plaintiff "for the use of the property" the amount of money sued for "at the times and in the manner" designated in the instrument. These are terms peculiarly appropriate to instruments of hiring and lease, and not only do not confer upon the defendant any right in the property except to use it as bailee during the prescribed period, but expressly impose upon it an obligation to pay the plaintiff for such use. The other terms in the instrument restrictive of the manner in which it may use the property are for the benefit of the plaintiff and inconsistent with its ownership by the defendant. The provision giving to the defendant the right, after it should have fully performed the agreements on its part contained in the instrument, to purchase the property by paying to the plaintiff an additional sum of money, placed it under no obligation to make the purchase or to pay the money, and was but an option which it might accept or not as it should choose. And although the additional sum of money thus to be paid is not large, it is the amount which the parties have agreed upon and made one of the substantive terms of their contract. It is not therefore to be disregarded by the court in determining the construction to be given to the instrument, but this provision furnishes additional ground for holding that the instrument is to be construed as a lease, and as creating a bailment to the defendant without any right of property in the machinery, and an obligation upon it to pay for its use according to the terms of the instrument.

As none of the allegations of the complaint are denied, the plaintiff was entitled to judgment as prayed for, unless the facts set forth in the defendant's answer constitute a defense to its cause of action, or establish a liability to the defendant on the part of the plaintiff; and in this connection it is to be observed that the sufficiency of each of the separate defenses as well as of the counterclaim is to be determined without reference to matters elsewhere set forth in the answer, unless connected therewith by direct reference.

2. In the first defense contained in its answer the defendant admits that it entered into and executed the instru-

ment set forth in the complaint, and took possession of the machinery therein described, but it alleges that it executed the instrument and took such possession under a warranty by the plaintiff that the machinery had a certain capacity which it did not in fact have; that its agreement "to take and pay for" said machinery was in consideration of said warranty and not otherwise; that the said machinery was not fit or proper "for the purposes for which it purchased it," and has always been useless to it; "that upon ascertaining these facts" it immediately offered to return the machinery to the plaintiff, but the plaintiff refused to take it back.

The admission that it executed the instrument described in the complaint, in the absence of any allegation that the instrument does not correctly represent the nature of the transaction or the terms of the agreement between it and the plaintiff, is unavailing for giving any different construction to the instrument than in accordance with the meaning to be attributed to its language. And although the defendant has alleged that its agreement "to take any pay for" the machinery was in consideration of a warranty by the plaintiff, and that the machinery was not suitable for the purposes "for which it purchased it," these allegations are merely by way of recital. There is no direct averment that the defendant in any way "agreed to take and pay for" the machinery, or that it ever "purchased" it. An averment by way of recital of a fact which is essential to a cause of action, or an averment from which such fact may be merely inferred, will not supply the absence of a direct averment of the fact. Neither is there any averment that the defendant at any time informed the plaintiff of the purpose for which it desired to obtain or use the machinery.

The allegation that "upon ascertaining these facts" it offered to return the machinery to the plaintiff is defective in failing to state the time at which it ascertained the facts and made the offer; and the demurrer of the plaintiff for uncertainty in this respect was properly sustained by the court. The plaintiff had the right to be informed upon the record whether such offer was before or after the date at which, by the terms of the instrument, the payments for its use matured, or whether it was before or after the defendant had had the use of the machinery during the period for which it was leased. A breach of the warranty would not be a

defense to the plaintiff's claim for the rent if the defendant had had the continual use of the machinery until the end of the term for which it hired it, unless it should show that by reason of the breach of such warranty it had sustained some damage, and there is no averment herein of any pecuniary loss.

3. In the second defense contained in its answer the defendant sets forth an agreement upon the part of plaintiff to sell to it at an agreed price certain machinery which the plaintiff warranted to have a certain capacity and to be fit for the purposes for which it stated to the plaintiff that it desired to obtain the machinery; that it agreed to purchase the said machinery upon the condition that it had the capacity warranted by the plaintiff; that the machinery did not possess that capacity, and was not fit for its purposes; "that upon ascertaining these facts" it offered to return the machinery to the plaintiff, but that the latter refused to take it back.

The defense here pleaded is the breach of a contract for the sale of certain personal property, while the cause of action set forth in the complaint is the breach of a contract to pay for the use of certain personal property, and in the absence of any allegation that the two transactions had some connection or some relation to each other, a breach of one of the contracts is not available as a defense to an action for a breach of the other. Upon the face of the pleading it appears that the purchase of the machinery therein alleged was a transaction between the plaintiff and the defendant independent of and in no wise connected with the transaction set forth in the complaint; and although the property specified has the same description as that described in the complaint, it is not alleged that it is the same property which is alleged in the complaint to have been hired by the defendant, and which, by its failure to deny this allegation, it admits that it did hire, and there is no presumption that it is the same. Proof of all the facts herein alleged would not establish a defense to the cause of action set forth in the complaint unless the defendant should also show the identity of the two transactions; and without the averment of such identity the pleading does not set forth a defense.

4. In its counterclaim the defendant makes the same allegations as in its second defense, except that it does not allege

that it offered to return or has returned the machinery to the plaintiff; and in addition to the matters set forth in said defense it alleges that it "did purchase the machines and pay therefor the sum of $958.28"; and that "it has sustained damages by reason of the premises to the amount of $1,-265.72," for which it asks judgment against the plaintiff.

A counterclaim must be: (1) A cause of action in favor of the defendant arising out of the transaction set forth as the foundation of the plaintiff's claim or connected with the subject of the action; or (2) If the plaintiff's right arises upon contract the counterclaim must also be a cause of action arising upon contract. (Code Civ. Proc., sec. 438.)

There is no allegation in the counterclaim herein that the property which the defendant claims to have purchased from the plaintiff is the same as that covered by the lease set forth in the complaint, or that the purchase was in any way connected with the subject of the action, or with the transaction upon which the plaintiff's cause of action is based, and it is therefore unavailable as a counterclaim within the provisions of subdivision 1 of section 438.

A counterclaim under subdivision 2 of the section must set forth facts sufficient to constitute a cause of action in favor of the defendant and against the plaintiff, and is subject to the same grounds of demurrer as would be an original complaint. In an action for the recovery of damages, the claimant must allege facts in his complaint which will show that he is entitled thereto.

For the breach of an obligation arising upon contract the party aggrieved is in general entitled to only compensation for the loss or injury proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom (Civ. Code, sec. 3300). "The general damages which are implied from a breach of contract, and which need not be pleaded, must not be confused with special damages, which will not be presumed from the mere breach, but which may have accrued by reason of injuries following from it. Such special damages, if they have accrued, must be pleaded in order that the defendant may have notice of and be prepared to contest them." (*Mitchell* v. *Clarke,* 71 Cal. 163, [60 Am. Rep. 529, 11 Pac. 882].) Mr. Chitty says: "When the law does not necessarily imply that the plaintiff sustained the damages by the act complained of, it is essential to the

validity of the declaration that the resulting damage should be shown with particularity. And whenever the damages sustained have not *necessarily* accrued from the act complained of, and consequently are not implied by law, then in order to prevent surprise on the defendant, which might otherwise ensue at the trial, the plaintiff must in general state the particular damage which he has sustained, or he will not be permitted to give evidence of it'' (quoted in *Stevenson* v. *Smith*, 28 Cal. 102, [87 Am. Dec. 107]).

Aside from the payment to the plaintiff of the purchase price of the machinery, the counterclaim herein does not set forth any fact from which the law would imply that the defendant has sustained any pecuniary damage; and there is no presumption that the machinery is of less value than was paid for it. Neither does it follow, because the machinery is useless to the defendant or not suitable for its purposes, that such value has been diminished; and the defendant cannot, therefore, without returning or offering to return it, hold the plaintiff liable to refund the amount which it paid for it.

The measure of damages which is prescribed by section 3314, Civil Code, for a breach of a warranty of the fitness of an article of personal property for a particular purpose, is not to be confounded with the mode of pleading in an action to recover the damages for such breach. In such action the claimant must set forth in his complaint the facts which the section prescribes as the basis for measuring the damages. The ''excess of value'' which the property would have had, and the ''loss incurred'' in an effort to use the property which was received, are facts which must be alleged, or the complaint will fail to show that the claimant is entitled to the recovery of such damages.

The counterclaim herein does not allege that there was any difference in value between the machinery which the defendant received, and the machinery of the capacity and quality which the plaintiff warranted it to have; and the allegations that it does not have the capacity warranted by the plaintiff, or that it is ''useless to the defendant,'' or not suited ''for the purposes of the defendant,'' taken in connection with the admission that the defendant still retains its possession, fall far short of showing that the defendant has sustained any pecuniary damage. Neither is there any allegation that the defendant has incurred any expense or sustained any loss

or damage by reason of an attempt to use the machinery, or that it has ever used, or even made any attempt to use, the machinery; and it is perfectly consistent with the allegations therein that it has made no effort to use it, and that its defects were disclosed upon a mere inspection of its condition as soon as it was received.

By reason of the allegations of a breach of the plaintiff's contract of warranty the counterclaim sets forth a cause of action for nominal damages, and is good as against a general demurrer; but as there is no presumption that such breach would ordinarily or in any likelihood result in the amount of damages which the defendant seeks to recover, such damages are special, and the plaintiff was entitled to be informed of the facts out of which they arose, so that it may be prepared, if it so desires, to controvert their existence. The averment that the defendant "has sustained damages by reason of the premises to the amount of $1,265" is its conclusion from facts which were within its knowledge, but which it has not set forth so that it may be seen whether his conclusion is properly drawn, or so that the plaintiff may have an opportunity to controvert them; nor is any fact stated from which the court can determine that such special damage was the result of the breach of the warranty.

In *Acheson* v. *Western U. Tel. Co.*, 96 Cal. 641, [31 Pac. 583], the complaint, after setting forth facts constituting the plaintiff's right of action, alleged that by reason thereof he was damaged in the sum of $684; and upon the default of the defendant judgment for that amount was rendered against it. Upon an appeal therefrom the supreme court reversed the judgment, saying: "The gist of the action is for the recovery of special damages, and there is no allegation of special damage. Nominal damages only were recoverable upon the complaint. No damage, unless nominal, necessarily resulted from the alleged breach of contract." For the breach of a covenant against encumbrances, when it is not alleged that the plaintiff has paid the alleged encumbrance, only nominal damages can be recovered. (*De Forest* v. *Lette*, 16 Johns. (N. Y.) 122.) In *Manufacturers' Co.* v. *Gray*, 111 N. C. 93, [15 S. E. 940], which was an action to recover the purchase price of certain real estate, and the defense was the breach of a warranty of the title, and a counterclaim for expense incurred for improvements upon the property, it was

held that the latter could not be maintained for the reason that such expenses had not been specially pleaded. (See, also, 1 Sutherland on Damages, 754; *Frohreich* v. *Gammon,* 28 Minn. 476, [11 N. W. 88] ; *Hooper* v. *Armstrong,* 69 Ala. 343; *Richardson* v. *Jones,* 1 Nev. 408; *Warner* v. *Bacon,* 8 Gray, 397, [69 Am. Dec. 253] ; *Stevenson* v. *Smith,* 28· Cal. 103, [87 Am. Dec. 107] ; *Nunan* v. *San Francisco,* 38 Cal. 689; *Mitchell* v. *Clarke,* 71 Cal. 163, [60 Am. Rep. 529, 11 Pac. 882] ; *Hancock* v. *Hubbell,* 71 Cal. 537, [12 Pac. 618].)

A pleading is defective whenever evidence cannot be received in its support, and as there is no allegation in the counterclaim herein of facts under which any evidence of substantial damage would be admissible, the special demurrer of the plaintiff thereto for not setting forth in what manner, or by what facts, the defendant had been damaged in the amount claimed was properly sustained by the court. As was said in *Philip* v. *Durkee,* 108 Cal. 300, [41 Pac. 407] : "Considered as an action for damages for a breach of the contract it does state a cause of action, but as such it is obnoxious to the objections raised by the special demurrer. It is uncertain as to what the damage consisted of, or as to the extent of the damage."

The judgment is affirmed.

Hall, J., and Cooper, J., concurred.