[L. A. No. 2859.  Department Two.—August 29, 1912.]

## S. W. MARTIN, Respondent, v. CHARLES L. PINNEY and W. J. BOYLE, Appellants.

PATENTS—LICENSE TO MANUFACTURE AND SELL PATENTED INVENTION—RECITAL IN CONTRACT—DEFENSE THAT NOTHING PASSED BY CONTRACT.—A recital in a contract purporting to grant the exclusive right to manufacture and sell a patented invention in a specified territory, that the grantor possesses such right, is an admission on the part of the grantee of the grantor's title and right to make the grant; and in an action by the grantor to recover sums due under the contract, it was incumbent on the grantee, in support of a defense that nothing passed by the contract, to establish that fact by competent evidence.

ID.—ARTICLE MANUFACTURED IDENTICAL WITH INVENTION—EVIDENCE.—In such action, a finding by the trial court that the article manufactured by the defendant was essentially the same as that covered by the contract and secured by the patents, is held sustained by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Frederick S. Lyon, for Appellants.

D. Z. Gardner, for Respondent.

MELVIN, J.—Defendants appeal from a judgment against them for sums found to be due under a contract giving them the exclusive right to manufacture and sell certain gas furnaces in California, Oregon, and Washington. In this contract Martin was designated as the party of the first part and defendants as parties of the second part. The agreement provided "that said first party, having the exclusive right to manufacture and sell in the states of California, Oregon and Washington, until the 8th day of February, 1914, the Vulcan Gas Furnace, with all improvements thereon or variations thereof, under the terms of an agreement with The Springfield Heating & Ventilating Company, a copy of which is hereto annexed and made part thereof, marked 'Exhibit A' (the time limit of which contract has been extended to February 8th, 1914), does hereby sell, assign. and transfer to said second parties the exclusive right to manufacture, sell, and install in the states of California, Oregon and Washington, for the term expiring February 8th, 1914, said Vulcan Gas Furnace and all improvements upon or variations of said furnace, which may be made during the life of this agreement, upon the following terms and conditions, to wit:" Attached to this agreement as an exhibit was a copy of the contract between Martin and the Springfield Heating & Ventilating Company in which the said corporation gave to him "the exclusive right to manufacture and sell in the states of California, Oregon, and Washington, for a period of five (5) years from the date hereof, the Vulcan Gas Furnace, an invention of R. S. Thompson of the city of Springfield, state of Ohio (said Thompson having assigned all his rights in said invention to the said party of the first part), and all improvements upon or variations of said furnace which may be made during the life of this agreement." It is not denied by defendants that if bound by the agreement, they would be indebted to the plaintiff in the sum demanded in the complaint. Their defense is: 1. Actual fraud on plaintiff's part in securing their assent to the contract, and 2. "Failure of plaintiff's grant. and consequent failure of consideration for defendants' covenant to pay royalty." Without an extended review of the evidence we may say that the court's finding of the absence of fraud was amply sustained. When the agreement was made, the plaintiff, according to his testimony, gave full dis-

closure of all information which he had regarding the rights of his assignors.

The next point is the one upon which appellant apparently relies for a reversal of the judgment. At the trial defendants introduced proof that certain patents had been granted to R. S. Thompson, but sought to show by expert testimony that such patents covered mere structural peculiarities and that the principles upon which the furnaces were constructed had long been open to use by any one wishing to employ them. Respondent contends that the validity or invalidity of the patents was not in issue, but that even assuming that subject to be a material one the court heard the offered evidence, examined the furnaces manufactured by defendants and determined that the Thompson patents covered them. Appellants concede that the validity of a patent may not be questioned by one who has manufactured the article purporting to be protected by such patent, under a license so to do, but they insist that nothing passed from plaintiff to them and they therefore assert that they may establish such fact in defense of an action like this. We think the court properly admitted evidence regarding the Thompson patents. The recital in the agreement that plaintiff possessed the exclusive right to manufacture the particular furnaces in Washington, Oregon, and California was followed by a grant of such right *in praesenti.* The acceptance by defendants of that grant was an admission on their part of plaintiff's title and right to make the grant. If, however, nothing passed by the contract it was incumbent upon the defendants to establish that fact by competent evidence. (*Bowers' California Dredging Co.* v. *S. F. Bridge Co.,* 132 Cal. 345, [64 Pac. 475].) It was shown at the trial that the furnaces manufactured by the defendants were essentially the same as the samples delivered to them by plaintiff Martin. In fact this was admitted by counsel for defendants at the trial. If, then, defendants failed to establish their position that nothing passed by the contract and that the furnaces were in no respect covered by the Thompson patents, judgment was properly given in favor of plaintiff. The court personally examined the furnaces, heard the evidence and found that the furnaces manufactured came within the terms of the contract and under the patents. We, of course, have not seen the furnaces that the court inspected.

While the expert's testimony tended to show that the important principles claimed by inventor Thompson in his applications were open to the use of any one, the court upon a full hearing and an examination of furnaces made by defendants under the contract with plaintiff, decided that these furnaces came within the contract and under the patents. We cannot say that the evidence failed to uphold such conclusions by the court.

The judgment is affirmed.

Lorigan, J., and Henshaw, J., concurred.