[Civ. No. 2341. First Appellate District, Division One.—December 9, 1918.]

## E. T. B. MILLS, Respondent, v. GEO. A. MOORE & COMPANY (a Corporation), Appellant.

CONTRACT—COMMISSIONS ON SALES OF BAGS — PLEADING—CONSIDERATION.—In an action based on an oral contract to recover certain commissions, allegations that plaintiff had been employed by the defendant as its exclusive agent to sell bags, that thereafter the defendant and the plaintiff agreed to modify the contract, that by the modification the plaintiff promised the defendant that the defendant might employ other agents to sell bags, and the defendant promised to pay the plaintiff a commission on the sales made by those extra salesmen, are complete allegations on the subject of consideration and bring the plaintiff within the provisions of section 1605 of the Civil Code.

ID.—TERMS OF CONTRACT—PLEADING AND EVIDENCE—LACK OF VARIANCE.—The fact that the plaintiff alleged his contract according to its legal effect, and when called as a witness he stated the terms much more in detail, but not differently, does not show a variance.

ID.—PLEA OF PERFORMANCE—EXCUSE FROM PERFORMANCE—RULE INAPPLICABLE.—The rule that a plea of performance is not sustained by proof of excuse from performance is inapplicable where the plaintiff, who was the only witness on the subject, consistently claimed that he had performed his contract and at no time admitted nonperformance and claimed excuse.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Affirmed.

The facts are stated in the opinion of the court.

William B. Acton and Denman & Arnold for Appellant.

Samuel T. Bush for Respondent.

STURTEVANT, J., *pro tem.*—This is an action based on an oral contract to recover certain commissions. The plaintiff had judgment in the trial court and the defendant appealed under section 953a of the Code of Civil Procedure.

The plaintiff alleged that he had been employed by the defendant as its exclusive agent to sell bags; that thereafter the defendant and the plaintiff agreed to modify that contract; that by the modification the plaintiff promised the defendant that the defendant might employ other agents to sell bags, and the defendant promised to pay the plaintiff a commission on the sales made by those extra salesmen. These were complete allegations on the subject of consideration, and brought the plaintiff fairly within the provisions of section 1605 of the Civil Code, and the consideration was sufficiently pleaded to withdraw the case from the doctrine stated in *Acheson* v. *Western Union Tel. Co.,* 96 Cal. 641, [31 Pac. 583].

The defendant earnestly contends that there was a fatal variance, and presents the point by calling attention to the ruling of the trial court denying its motion for a nonsuit, and, later, its refusal to give certain instructions requested by defendant. We think this contention is not well founded. The plaintiff alleged his contract according to its legal effect. When called as a witness he stated the terms of the contract much more in detail than he had stated it in his complaint, but in no respect did he state it differently. These facts do not show a fatal variance. (*Bowers' California Dredging Co.* v. *San Francisco Bridge Co.,* 132 Cal. 342, [64 Pac. 475]; *Antonelle* v. *Kennedy & Shaw Lumber Co.,* 140 Cal. 309, [73 Pac. 966].)

The contract, it is admitted, contained a covenant that the plaintiff would keep the defendant advised as to the features of the market. The defendant attempted to prove that the

plaintiff did not do so, but was excused therefrom. The defendant then invokes the rule that a plea of performance is not sustained by proof of excuse from performance. (*Peek v. Steinberg,* 163 Cal. 127, [124 Pac. 834].) That rule is well settled, but the defendant has not brought itself within that rule. Throughout a long examination the plaintiff, who was the only witness on the subject, consistently claimed that he had performed his contract, and at no time did he admit nonperformance and claim excuse.

The record shows no error and the judgment is affirmed.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.