### HIND et al. v. WESTERN UNION TELEGRAPH CO.

(Circuit Court of Appeals, Ninth Circuit.  February 6, 1922.)

No. 3690.

Telegraphs and telephones ⬤➡67(5)—Damages for error in business message limited to actual loss.

A cablegram from London to plaintiffs in San Francisco, making an offer for a cargo of barley, "including war risk," was changed in transmission by defendant telegraph company, so as not to require plaintiffs to pay the war risk insurance, and was accepted and the barley shipped and paid for. Later plaintiffs were compelled to pay the insurance, which amounted to about $7,000, in accordance with the terms of the actual offer, and brought suit for its recovery. Held, that they were entitled to recover any actual damages sustained by reason of the mistake, but that, it being admitted that they made a profit on the sale, in the absence of evidence that they could have sold for a higher price, no actual damages were shown which warranted a recovery.

In Error to the District Court of the United States for the Second Division of the Northern District of California; Frank H. Rudkin, Judge.

Action at law by George U. Hind and James Rolph, Jr., against the Western Union Telegraph Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

The plaintiffs were grain merchants at San Francisco. They had barley to sell. On February 24, 1916, they sent their agents in London a message offering a cargo of barley at 63s. 9d., "including war risk insurance," meaning that the sellers would pay the war risk insurance. On the following day the agents replied that buyers declined the offer, but they submitted an offer to purchase the barley at 62s. 6d., "including war risk," meaning thereby that the sellers would pay such insurance. The message, in its transmission

from New York to San Francisco over defendant's lines, was altered by the insertion of the word "not" before the words "including war risk." The plaintiffs accepted the offer as it came to them and without knowledge of the alteration, and they shipped the barley and received therefor the purchase price of 62s. 6d. Later they were required to pay the war risk insurance in the sum of $6,970.54. To recover that sum they brought action against the defendant, alleging in their complaint that the defendant failed to exercise reasonable care, and was grossly negligent in transmitting the message, and that they, the plaintiffs, would not have accepted the offer if it had come to them in its original terms. The cause was submitted to the court below upon an agreed statement of facts, and thereupon judgment was rendered for the defendant. Among the stipulated facts are these: That the plaintiff received a profit of $30,000 on the sale, that on or about the date of the transaction there was no particular market price for barley, and that the price the plaintiffs actually received was the best which their agents could secure at that time. It was further stipulated that one of the plaintiffs would have testified that the plaintiffs would not have accepted the offer set forth in the message, if the same had been transmitted as filed by the agents.

Andros & Hengstler and F. W. Dorr, all of San Francisco, Cal., for plaintiffs in error.

Beverly L. Hodghead, of San Francisco, Cal., and Francis R. Stark, of New York City, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). We can see no ground on which it can be held that the defendant's error in transmitting the message should inure to the benefit of the plaintiffs. They lost nothing by the error, notwithstanding that they failed to receive all that they expected to get. It is true, as the plaintiffs argue, that they parted with the barley on the understanding that they were not to pay the war risk insurance, but the fact that they parted with the grain on that understanding is not a controlling consideration. It was necessary for them to show that they were actually damaged by parting with the barley. They were damaged if they could show that they could have sold the barley at a price higher than that which they received; otherwise not. There is nothing to show that they could have sold the barley at a greater advantage to themselves, or that after parting with the same they could not have purchased other barley at the same, or even at a lower, price. Western Union Tel. Co. v. Hall, 124 U. S. 444, 8 Sup. Ct. 577, 31 L. Ed. 479; Western Union Tel. Co. v. Waxelbaum, 113 Ga. 1017, 39 S. E. 443, 56 L. R. A. 741; Mickelwait v. Western Union Tel. Co., 113 Iowa, 177, 84 N. W. 1038; Acheson v. Western Union Tel. Co., 96 Cal. 641, 31 Pac. 583.

The plaintiffs cite Reed v. Western Union Tel. Co., 135 Mo. 661, 37 S. W. 904, 34 L. R. A. 492, 58 Am. St. Rep. 609, a case in which the plaintiff was misled into selling land upon a telegraphic offer of $1,300, which had been changed in transmission to an offer of $1,900. She sued to recover $600 as damages. The court held that she was entitled to recover damages from the telegraph company, measured, however, not by the false figures in the dispatch, but by the actual market

value of the land. That decision is applicable here. The plaintiffs are entitled to recover only actual damages, measured by what they actually lost.

The judgment is affirmed.