FREDERICK SPOFFORD, in equity, *vs.* BANGOR & BUCKSPORT RAILROAD COMPANY.

*Equity.*

Where a party has a plain, adequate and complete remedy at law, equity will not lie.

The allegations in the bill presented a case of disseizin, the defendant having the actual possession, claiming to hold it by legal right, absolutely and against any rights of the plaintiff. *Held,* that the plaintiff having a plain, adequate and complete remedy at law, by writ of entry and injunction to stay waste, *pendente lite,* under which remedy all his rights could be determined, he could not substitute a bill in equity and dispossess the defendant by injunction.

This court will not take jurisdiction in equity to restrain acts of trespass, when the plaintiff is out of possession, except in strong or aggravated instances of trespass which go to the destruction of the inheritance or when the mischief is remediless.

When the defendant is in possession under a claim of right or title, as against the plaintiff, and in no way connected with him in estate, a court of equity will not enjoin him from making a lease or conveyance, on the ground that it would be a cloud upon the plaintiff's title.

ON REPORT.

BILL IN EQUITY, praying that the defendants may be enjoined from making a lease, &c. The substance of the bill appears in the opinion.

The case is sent to the full court upon bill and demurrer, with

an agreement of the parties, consented to by the court, that, if the demurrer is overruled, and the bill sustained, the respondents may rely upon their answer already filed, and the parties be allowed to take testimony, and be heard with the same effect as if no demurrer had been filed.

*H. D. Hadlock*, for the plaintiff.

*E. Hale & L. A. Emery*, for the defendants.

Libbey, J. This case comes before this court on general demurrer to the bill of complaint. The question presented is, whether the allegations in the bill present a proper case for granting the injunction prayed for. The material allegations in the bill are, that the plaintiff "is seized in his demesne as of fee of a parcel of real estate, situated in the village of Bucksport," which is specifically described, "and that said parcel of land has a valuable wharf situated upon it;" that the defendants have "unlawfully and without acquiring any title, right or easement, by legal proceedings, or otherwise, in, or to, or over said land, taken possession, and do now maintain possession of said parcel of real estate, claiming a legal right so to do, absolutely, and against any right of your orator and have dug and excavated the earth of said real estate, and are now digging and excavating and removing said earth, and have erected and are now erecting buildings upon said real estate;" that said defendants have "in like manner taken possession of the said wharf, situated on said real estate, as aforesaid, and are now meddling and interfering with the construction of said wharf, and are now proceeding to erect buildings thereon, and by reason of their unlawful possession of said property are now depriving your orator from enjoying the same;" "that he is informed and does believe that" the defendants "are about to enter into an agreement with the Sanford Independent Line of Steamers, to lease to said Line of Steamers the whole or a part of your orator's wharf, here-before described, for a term of years to the great damage of your orator." The prayer is in substance that the defendant be restrained and enjoined from going, or entering, upon the premises, and from doing any acts complained of in the bill.

The case presented by the bill is not within R. S., c. 51, § 10; nor is it within R. S., c. 95, § 7.

The allegations in the bill present a case of disseizin, the defendants having the actual possession, claiming to hold it by legal right, absolutely, and against any rights of the plaintiff. It does not appear by the allegations in the bill when the defendants took possession in the manner set forth. For aught that appears it may have been more than six years prior to filing the bill, so that the defendants may be entitled to betterments and have a right to have them appraised as provided by statute. The plaintiff has a plain, adequate and complete remedy at law by writ of entry, and injunction to stay waste, *pendente lite.* Under that remedy all the rights of the parties can be determined. He cannot substitute a bill in equity for a writ of entry and dispossess the defendants by injunction. Where a party has a plain, adequate and complete remedy at law, equity will not lie.

But it is contended on the part of the plaintiff that the acts complained of are acts of trespass, that the case is one of continuing trespass, and to prevent a multiplicity of suits and to stop the trespass, the defendants should be enjoined. It is true that courts of equity have jurisdiction to grant injunctions restraining the commission of acts of trespass in certain cases. But in cases like this where the plaintiff is out of possession, and the defendant in possession under a claim of right, Kerr's Injunctions, 290, after a careful examination of the authorities on the subject, lays down the rule as follows: "the result of these cases is, that where the plaintiff is out of possession, the court will refuse to interfere by granting an injunction, unless there be fraud or collusion, or unless the acts perpetrated or threatened are so injurious as to lead to the destruction of the estate," citing *Lancashire* v. *Lancashire,* 9 Beav. 120; "he must also, it would appear, be able to satisfy the court that there is an action pending at law between him and the defendant in possession, which will try the right between them."

In *Jerome* v. *Ross,* 7 Johns. 315, Kent, Ch., after considering the remedy for trespass by injunction and by action at law says: "In ordinary cases this latter remedy has been found amply suffi-

cient for the protection of property, and I do not think it advisable upon any principle of justice or policy, to introduce the chancery remedy as its substitute, except in strong or aggravated instances of tresspass, which go to the destruction of the inheritance, or where the mischief is remediless."

We think these authorities state the rule correctly and that it should be adhered to. The allegations in the bill do not bring the case within this rule.

It is further contended for the plaintiff that the defendants should be enjoined from making the proposed lease to the Sanford Independent Line of Steamers, that the lease would be a cloud upon the plaintiff's title which the defendants should not be permitted to cast over it. We cannot perceive that a lease or conveyance by the defendants would be a cloud upon plaintiff's title. There is no privity of estate between the parties. The plaintiff's title is in no way connected with the defendants', and a lease or conveyance by defendants can have no legal effect upon it, but as to plaintiff, would be void. When the defendant, is in possession under a claim of right or title, as against the plaintiff, and in no way connected with him in estate, a court of equity will not enjoin him from making a conveyance.

*Bill dismissed with costs for defendants.*

APPLETON, C. J., DICKERSON, DANFORTH and VIRGIN, JJ., concurred.

PETERS, J., on account of relationship to a party, did not sit.