[No. 10110.    Department Two.    September 12, 1912.]

MORTON COGSWELL *et al.*, *Respondents*, v. H. H. COGSWELL
*et al.*, *Appellants.*[1]

INJUNCTION—WHEN LIES—TO PREVENT TRESPASS—ADEQUATE REM-
EDY AT LAW—FORCIBLE ENTRY AND DETAINER.    Injunction will not
lie to restrain a trespass upon lands by persons who were tenants
at will, under claim of entry and possession with the knowledge and
consent of the plaintiffs; since the plaintiffs have an adequate rem-
edy by action of forcible entry and detainer.

SAME—MULTIPLICITY OF SUITS.    Injunction to restrain trespass
does not lie on the ground of preventing a multiplicity of suits,
where there is but one trespass by one and the same person claim-
ing the right to possession.

Appeal from an order of the superior court for Spokane
county, Kennan, J., entered May 15, 1911, granting an in-
junction *pendente lite* restraining a trespass on real prop-
erty, after a hearing before the court.    Reversed.

*Wirt W. Saunders* and *L. H. Prather*, for appellants.

*Pugh & Kizer*, for respondents.

ELLIS, J.—This appeal grows out of the same controversy
as that presented in the case of *Cogswell v. Cogswell, ante*
p. 178, 126 Pac. 431, which we have just decided.    In that
case we affirmed an order of the trial court refusing to vacate
a decree rendered therein on January 16, 1911, quieting the
title in the plaintiffs to the land in controversy, and enjoin-
ing the defendants from asserting any title to or interest
therein.    The decree made no reference to the possession of
the land.    In April, 1911, the plaintiffs, who are the same
persons as the plaintiffs in that action, brought this action
to obtain an injunction *pendente lite* restraining the defend-

[1]Reported in 126 Pac. 433.

ants, who are the same persons as the defendants in that
action, from trespassing upon the land, other than about
30 acres deeded to the defendants by the plaintiffs, during
the pendency of this action. The complaint also prayed that,
on the final hearing, a permanent injunction be granted. The
hearing was had upon affidavits. Those filed in behalf of
the plaintiff set up the decree in the original action quieting
title in the plaintiffs. Those filed in behalf of the defendants
set up the same matters relied upon as a defense in the
original action, among them the fact that the defendants had
been placed in possession of the land by the plaintiffs some
17 years ago and had ever since been in possession, and were
not injuring the land but were cultivating it in a husband-
man-like manner. The defendants' claim of entry and pos-
session with the knowledge and consent of the plaintiffs was
not controverted. Upon the hearing, the court made an
order restraining the defendants from trespassing upon the
real estate described in the complaint, during the pendency
of this action, the order to be in effect upon the plaintiffs'
filing a bond in the sum of $500. From that order, the de-
fendants have prosecuted this appeal.

It seems to us that the undisputed facts in this case, as
well as those developed in the other action between the same
parties, which was argued to this court at the same time as
this appeal, establish the status of the defendants as tenants
at will. The statutory action for unlawful detainer would be
adequate and sufficiently speedy to meet everything alleged in
the complaint and developed by the affidavits presented at the
hearing.

"A fundamental doctrine underlying the entire jurisdic-
tion of equity by injunction against the commission of tres-
pass is, that where adequate relief may be had in the usual
course of procedure at law, equity will not interpose by the
extraordinary remedy of injunction. For example, where
plaintiff is out of possession, although claiming the title in
fee, he will not be allowed to enjoin defendants from entering
upon the premises or committing acts of trespass thereon,

the remedy at law being ample in such case." 1 High, Injunctions (4th ed.), §699.

See, also, *Spofford v. Bangor & Bucksport R. Co.*, 66 Me. 51.

"An injunction being a preventive remedy, and not used to compel the undoing of what has already been done, it will not be granted in a simple case of trespass by forcible entry and detainer, the remedy at law being regarded as fully adequate to such a case." 1 High, Injunctions (4th ed.), § 712.

Nor can the claim prevail that the injunctive relief is essential to prevent a multiplicity of suits. The same author, after stating the rule as in our first quotation, states the exception and its application as follows:

"The necessity of preventing a multiplicity of suits affords another exception to the rule, and will warrant the interposition of the strong arm of equity, even though there be a remedy at law. But to warrant the interference in such cases there must be different persons assailing the same right, and the principles upon which the relief is granted have no application to a repetition of the same trespass by one and the same person, the case being susceptible of compensation in damages." 1 High, Injunctions, § 700.

The plaintiffs having mistaken their remedy, the order appealed from is reversed and the cause is remanded for dismissal.

MOUNT, GOSE, MORRIS, and FULLERTON, JJ., concur.