[No. 13957. Department Two. October 13, 1917.]

## BANK OF EDWALL, *Respondent*, v. CHARLES C. BATEMAN et al., *Appellants*.[1]

INJUNCTION—GROUNDS—TRESPASS. Injunction lies to restrain interference with the plaintiff's peaceful possession of land which he was seeding to crop where irreparable injury would result.

JURY—RIGHT TO JURY—EQUITABLE ACTION—INJUNCTION. An action for an injunction to restrain interference with plaintiff's peaceful possession of land is one in equity, and error cannot be predicated upon the discharge of a jury.

INJUNCTION—TRESPASS — EVIDENCE — SUFFICIENCY. In an action for an injunction to restrain interference with plaintiff's peaceful possession of land, there is no question of fact for the jury, where plaintiff had title and was in possession and seeding the land to crops, and defendant admitted interference with such possession and threats of bodily injury.

SAME—POSSESSION OF LAND—EVIDENCE OF RIGHT—ADMISSIBILITY. A contract by a mortgage redemptioner, in possession and holding legal title, to extend the right of redemption to the mortgagors, is inadmissible upon an issue as to the right of possession, where it makes no mention of such right of possession.

[1]Reported in 167 Pac. 1102.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered September 26, 1916, upon findings in favor of the plaintiff, in an action for equitable relief, tried to the court and a jury. Affirmed.

*H. N. Martin* and *F. K. P. Baske*, for appellants.

*Wakefield & Witherspoon* and *Freece & Petijohn*, for respondent.

MOUNT, J.—This action was brought to restrain the defendants from molesting and interfering with the possession of a certain tract of land in Lincoln county belonging to the plaintiff. When the complaint was filed, a temporary restraining order was issued. The cause was tried to the court and a jury. After the evidence was all submitted, the trial court discharged the jury, made findings, and entered a decree restraining the defendants from interfering with the possession of the plaintiff. The defendants have appealed from that decree.

The facts, as shown by the record, are as follows: Prior to June 30, 1913, the appellants were the owners of the land in controversy. On that date the Northwestern & Pacific Hypotheekbank foreclosed a mortgage which had theretofore been given by the appellants to that bank on the land in controversy. On August 2, 1913, the land was sold by the sheriff under a decree in that foreclosure, and bid in by the Hypotheekbank. The sale was thereafter duly confirmed. The respondent, Bank of Edwall, held a second mortgage upon this property, and on July 25, 1914, as a redemptioner under the statute, redeemed the property from the sale in the foreclosure proceeding. On the 18th day of February, 1915, no other redemptions having been made, the sheriff's deed was executed and delivered to the respondent. On March 2, 1915, the respondent, through an agent, took possession of the property and was proceeding to prepare and plant the land to crops. About two weeks later, the appellants came upon the premises while the agent of the respond-

ent was temporarily absent, went into the house, took the belongings of the respondent's agent, carried them out into the yard, and informed the agent that he could not stay there, threatening him in case he did not leave. Thereupon this action was brought.

It is alleged in the complaint, and the trial court found as a fact, that, if the appellants were permitted to remain in possession of the property, the respondent would suffer irreparable injury not determinable or to be compensated in damages, and also:

"That, at the time aforesaid, it was the intention of the plaintiff to prepare, and plaintiff was preparing, said lands for a crop of wheat during the year 1915 and had seeded a portion of said lands, and that if the defendants had been permitted to remain in possession until the right to possession of the plaintiff was confirmed by a trial upon an issue formed and settled said defendants would have prepared said land for such crop as in their judgment should be sown thereon whether it be wheat, barley, oats or other cereal seed, in violation of the plaintiff's right to prepare said lands for crop according to its judgment and to seed such lands to such crops as in its judgment would produce a greater crop or income from said lands."

Appellants argue, first, that the court erred in issuing any restraining order for injunctive relief, for the reason that the facts do not justify the same, and that the respondent had a plain and adequate remedy at law. A number of cases from this court are cited to the effect that injunctive relief will not be granted where the plaintiff has a plain, speedy, and adequate remedy at law, and it is contended that an action of forcible entry and unlawful detainer would be an adequate remedy. In the case of *Cogswell v. Cogswell,* 70 Wash. 184, 126 Pac. 433, we held that an injunction would not lie to restrain trespass, since the plaintiffs in that action had an adequate remedy by an action of forcible entry and detainer. In that case, the defendants' claim of entry and possession was with the knowledge and consent

of the plaintiffs, and that fact was not controverted. There was nothing in that case to indicate that the remedy at law was not an adequate remedy; but in this case it is alleged in the complaint, and the court found as a fact, that, if the appellants were permitted to remain in possession until the respondent's rights were determined upon the issues framed, the cropping season, which was then on, would pass, and the respondent would not be permitted to sow such crops as in its judgment it deemed best, and it would suffer irreparable injury not determinable or to be compensated in damages. We think, under these facts, the action was one for an injunction. According to the complaint and the facts shown upon the trial, the respondent was in peaceable possession of the property seeding the land to crops. The appellants unlawfully entered upon the property and threatened to exclude the respondent therefrom. We think, under these circumstances, injunction was the proper remedy. In the case of *Carter v. Warner*, 2 Neb. (Unof.) 688, 89 N. W. 747, the court said:

"The appellants were in peaceable possession of, and carrying on their business of feeding stock on these premises and they had the right to conduct this business without interruption over the entire tract until they were dispossessed by some process of law—not by force. This forcible interruption is an injury to their business which a court of equity will not suffer."

We think that rule is applicable in a case like this.

It is next argued by the appellants that the case was really an action at law, and a plain question of fact was presented to the jury, and that the court therefore erred in discharging the jury. We are of the opinion that the court properly discharged the jury for two reasons: First, the action was clearly an equitable action for an injunction to restrain the appellants from interfering with the possession of the land which was then held by the respondent. And second, we think there was no question of fact to be submitted

to the jury. It is not disputed that the legal title to the property was in the respondent. The Hypotheekbank had foreclosed a mortgage against the appellant. The property had been sold and bid in by that bank. The respondent had redeemed from the sheriff's sale and had received a deed to the premises. The statute (Rem. Code, § 602) provides that the redemptioner, from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed. So it is clear that the respondent, having redeemed from the mortgage sale, was the owner of the legal title and entitled to the possession of the premises. He had possession thereof, and it was admitted by the appellants that they ordered the agent of the respondent from the premises and threatened him with bodily injury if he did not remain away. The seeding season was on, and immediate seeding was vital to the crops to be produced. It seems plain under these facts that there was but one judgment the court could render, and that was the one prayed for in the complaint, namely, injunctive relief.

It is next urged that the trial court erred in refusing to receive in evidence a contract which had been entered into between the appellants and the respondent on the 15th day of July, 1914. The appellants, in their answer to the complaint, alleged that, in July, 1914, the respondent entered into a written contract with the appellants whereby it agreed, for a valuable consideration, to redeem the land for the appellants, and to allow appellants an opportunity to purchase said land from the respondent according to the terms and conditions of that contract; that appellants entered into said contract and had begun to comply with the terms thereof, and had paid the respondent about one-third of the price; that when, on the last day of payment, the appellants offered to the respondent the money then due upon the contract, the respondent refused to accept the money; and that ever since that time the appellants have been, and are now, ready and willing to comply with said contract. During the trial of

the case, the appellants offered a copy of the contract therein referred. to in evidence.  This contract is one granting an extension of time to the appellants to redeem from the respondent.  It makes no mention of the right of possession of the property pending such redemption.  It does not state that the appellants shall be permitted to have possession. The appellants' claim upon the trial was a right of possession.  The contract offered in evidence shed no light upon that question, because nothing was said therein concerning possession.

"Where there is no adverse holding of land the right of possession ordinarily follows the legal title; and as an executory contract of sale does not divest the legal title of the vendor but merely confers upon the purchaser an equitable title, it follows that unless the contract provides otherwise the right of possession remains in the vendor, and the purchaser does not merely by virtue of his contract of purchase acquire any right to possession of the property."  39 Cyc. 1620.

The contract offered in evidence was properly rejected, because it did not show any right of possession in the appellants.  What we have already said is conclusive of the other questions made by the appellants.

We find no error in the record, and the judgment is therefore affirmed.

ELLIS, C. J., PARKER, FULLERTON, and HOLCOMB, JJ., concur.