[No. 4448.   Decided January 29, 1903.]

UNION FEED COMPANY, *Appellant,* v. PACIFIC CLIPPER LINE, *Respondent.*

CARRIERS — ACTION FOR LOSS OF GOODS — TITLE OF PLAINTIFF.

In an action to recover the value of hay lost through the negligence of a carrier, while stored in its dock awaiting ship-

ment, plaintiff's ownership, though denied, is sufficiently estab-lished, where the evidence shows that plaintiff employed a third party to purchase the hay for it and deliver same at the dock to be shipped plaintiff, who had agreed to pay such third party a stipulated price per ton, when it appears that the plaintiff and such third party, between themselves, always treated the title to the hay as being in plaintiff.

Appeal from Superior Court, King County. — Hon. GEORGE MEADE EMORY, Judge. Reversed.

*Allen, Allen & Stratton,* for appellant.

*Charles F. Munday,* for respondent.

PER CURIAM.—The appellant brought this action to re-cover from the respondent the value of 62½ tons of com-pressed wheat hay which it alleges belonged to it, and was lost through the carelessness and negligence of the defend-ant. The respondent put in issue both the allegation of ownership and the allegation of negligence. At the con-clusion of the trial the court sustained a challenge to the sufficiency of the evidence, and directed a judgment for the respondent, on the ground that the evidence was in-sufficient to show title in the appellant to the property sued for. While the evidence on this branch of the case was not very full, it tended reasonably to show that the appellant was doing business in Honolulu; that its man-ager came to Seattle, and sought to buy of Lilly, Bogardus & Co. some two hundred and fifty tons of wheat hay,—a kind that was very little used in the local market, and which Lilly, Bogardus & Co. did not have in stock. The manager was informed of these facts, but was told that the hay could be procured from the farmers in the east-ern part of the state. The manager then directed Lilly, Bogardus & Co. to buy the hay for the appellant, double compress it, and deliver it at the Arlington dock,—the dock of the respondent,—with directions to ship it to the

appellant, at Honolulu; agreeing that the appellant would pay them for the hay at the rate of fifteen dollars per ton. The hay was purchased, compressed, and delivered at the Arlington dock, and all but 62½ tons,—the hay in question here,—shipped to the appellant. The amount last mentioned was lost while in the respondent's possession by the falling in of the dock on which it was stored. Advancements towards the agreed price were made by the appellant to Lilly, Bogardus & Co. prior to the loss, and subsequent thereto the appellant paid to them the balance due for all of the hay so delivered,—that which was lost as well as that which was shipped,—also certain storage charges advanced by Lilly, Bogardus & Co. to the respondent, and afterwards instituted this action.

While the argument of counsel has taken a wide range, it seems to us that the question involved is a simple one, and comparatively easy of solution. The respondent is, of course, answerable, if answerable at all, only to the person who has suffered the injury caused by the loss of the property, and can for that reason insist that the person who seeks to charge it with that loss show that he is the sufferer, even though such showing requires that he prove title in himself to the property. But where proof of title is required, it can be proven in the same manner it is proven where the contest is between individuals, each of whom is claiming the title. If there is a contract between them, under which the property was procured, not only the contract, but the construction the parties have put upon it, their mutual dealings thereunder, and the several acts of each with reference to the property, may be considered in determining to whom the property belongs; and when the title must rest in one of two persons, evidence which would determine the title as between them will determine it as between one of them and a stranger assert-

ing it to be in the other. Here the title to the property at the time of its loss was either in the appellant, or it was in Lilly, Bogardus & Co. On this point the evidence makes no question. It shows, also, that as between these parties there never was any dispute as to which of them owned the property. From the beginning they have construed their contract as one vesting title to the property procured thereunder in the appellant, and have settled their mutual dealings concerning it on that basis. As between themselves, therefore, they are estopped to deny that the title was at any time subsequent to its procurement in any one other than the appellant, and it must follow that they could not assert the contrary as against any one else. The appellant being the sufferer because of the loss of the property, and the one who must bear that loss, if the recovery therefor cannot be had of the respondent, we think it clear that the evidence was sufficient on the question of title to warrant a recovery, and that the court erred in ruling to the contrary.

The respondent insists that the judgment of the lower court was right on another ground, viz., that the evidence failed to show actionable negligence on the part of the respondent. While it may be doubted whether this question is before us for review, we have examined the evidence touching the point, and find it sufficient to warrant the court in submitting the question to the jury.

The judgment is reversed, and the cause remanded for a new trial.