## Laura Mitchell et al., Defendants in Error, v. C. C. Heisen, Plaintiff in Error.

## Gen. No. 16,583.

DAMAGES—*who may recover for wrongful conversion.* Only the owner of personal property unlawfully converted can recover the resulting damages. Several owners cannot recover jointly in the same action.

Error to the Municipal Court of Chicago; the HON. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed April 19, 1912.

HAMMOND, MACON, DAVIDSON & O'DONNELL, for plaintiff in error.

ELA, GROVER, MARCH & ECKERT, for defendants in error.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Defendants in error occupied a flat in Chicago under a written lease to one of them (Henry), from plaintiff in error, Heisen, the owner. Heisen desired to secure possession of the flat so he might erect a new building on the premises. The Mitchells became delinquent in their rent, and Heisen, through his agent, took possession of and stored their household furniture, wearing apparel, etc., under a distress warrant for rent, but this warrant was never filed with any justice of the peace, or clerk of a court of record, as required by law. A few days after the seizure and storage of the goods, Heisen offered to return them, and he contends that Mitchell refused to accept them, claiming that he had no place to put them; while the Mitchells contends they refused to accept them because they saw the property in defendant's storeroom, and ascertained it was wet

and in bad condition, and besides Heisen required them to release him, upon receiving the goods.

The Mitchells brought suit in the Municipal Court of Chicago to recover the value of the goods in question. A jury trial was had, resulting in a verdict "for the plaintiff," and assessing "the plaintiff's damages" at the sum of $395.90, upon which judgment was entered.

At the trial it was admitted that the Mitchells owed for the February rent at the time the goods were seized, and that they made no demand on Heisen for the return of the goods. It appeared that Mitchell filed a schedule claiming most of the property in question as his own, and claiming it to be exempt; whereupon Heisen tendered the property back.

The record is in hopeless confusion as to whether one or both the Mitchells were tenants,—whether one or both owned or had the joint use of the property,— and whether the verdict was intended to be in favor of one or the other or both. It does appear, however, in the testimony of Henry Mitchell himself that quite a number of the items in the list belonged to his wife, and an inspection of the list corroborates the witness, for the articles in question (silk skirts, underskirts, waists, chemises, etc.), were clearly for the use of a female. Mitchell testifies that the value of the articles belonging to his wife aggregated about $68. Mrs. Mitchell confirmed his testimony as to her ownership by describing some of the property taken as "*my property*"—"my clothes," etc.

It is clear that this verdict and judgment cannot stand. Neither could recover for damages sustained by the unlawful seizure of property belonging to the other, unless there were some arrangement between them by which the property was jointly used, and even then, the measure of damages would be the injury they sustained by being deprived of its use.

If the testimony upon a subsequent trial or trials shall show the taking to have been unlawful and to

amount to a conversion, then each of defendants in error may be entitled to recover the value of so much of the property thus taken as he or she owned, but not in a joint action. If, however, the evidence shall show that, by some arrangement between them, they were entitled to the joint use of the property (though not to its ownership), then the measure of damages would be the injury they sustained by being deprived of its use.

The judgment of the court below will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*