[S. F. No. 7109.    Department Two.—March 10, 1917.]

JUDSON MANUFACTURING COMPANY (a Corporation),
Respondent, v. RICHARD LUTGE, Doing Business
Under the Name and Style of Folsom Street Iron Works,
Appellant.

DAMAGES—PLEADING—DELAY IN DELIVERY OF GOODS SOLD.—Damages
claimed by a purchaser of materials, solely on account of the seller's
delay in delivering them within the time specified in the contract,
must be specially and specifically pleaded.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order refus-
ing a new trial. W. M. Conley, Trial Judge, and George A.
Sturtevant, Judge denying motion for new trial.

The facts are stated in the opinion of the court.

Leon Samuels, for Appellant.

Thomas, Beedy & Lanagan, for Respondent.

HENSHAW, J.—Plaintiff sued to recover for the value of
materials furnished to defendant. It charged in two counts;
the first an express contract with a fixed price for the ma-
terials; the second in *quantum valebat*. The court gave
plaintiff judgment in the amount sued for, and from that
judgment and from the order denying his motion for a new
trial defendant appeals.

The material which plaintiff agreed to and did furnish was
steel and iron to be used by defendant in the performance of
his contract in the construction of the "New Coliseum Build-
ing" in the city and county of San Francisco. By his con-
tract with the owners defendant agreed to perform his
contract within eighteen working days. He pleaded that
plaintiff had delayed in the delivery of the material, and did
not deliver the material until after the agreed time, "and that
by reason of the failure of said plaintiff to perform its said
contract with defendant according to plans, specifications, and
details as aforesaid, said Coliseum Amusement Company (the
owner of the premises) has claimed and does claim that this
defendant has caused a damage in the sum of $4,000."

The court found that plaintiff duly performed its contract in all respects, saving that it did not furnish the defendant the material within the agreed time. It further found that the material when furnished was accepted and used by the defendant, and that the defendant was not in any respect damaged by the delay. The court, however, found both the value of the material under the count in *quantum valebat,* and found also the contract price of the material in the same sum. It further found the performance of the contract, excepting in the matter of the delay of the delivery, and that this delay worked no damage to defendant, hence the allowance of interest was proper as addressed to the finding of the contract price.

Defendant's own testimony was to the effect that he suffered no damage saving for the delay. But in this regard he merely pleads, ''that by reason of plaintiff's said breaches of its said contract with this defendant, this defendant has been damaged in the sum of $4,000.'' The damage for which recovery is here sought is, under every rule of pleading and authority as to damage, one which must be specially and specifically pleaded. (*Cole* v. *Swanston,* 1 Cal. 51, [52 Am. Dec. 288]; *Stevenson* v. *Smith,* 28 Cal. 102, [87 Am. Dec. 107] ; *Nunan* v. *San Francisco,* 38 Cal. 689 ; *Mitchell* v. *Clarke,* 71 Cal. 163, [60 Am. Rep. 529, 11 Pac. 882] ; *Harron-Rickard & McCone* v. *Wilson-Lyon & Co.,* 4 Cal. App. 488, [88 Pac. 512]; 2 Sutherland on Damages, 3d ed., sec. 419.) Defendant's failure specifically to plead this special damage which here he asserts he suffered, justified the court's refusal to receive evidence upon it, and demanded the finding which the court made against it.

Something is said about a concerted fraud practiced upon the owner of the building by plaintiff and defendant in the substitution of iron rods for steel. But the evidence establishes that plaintiff in furnishing the iron rods furnished precisely those which by its contract with defendant it had agreed to furnish, and if this were in fact a fraud upon the owner it was a fraud of the defendant and not of the plaintiff.

The judgment and order appealed from are affirmed.

Melvin, J., and Lorigan, J., concurred.