## JOSEPH PELTIER v. LEON NADEAU.[1]

October 12, 1917.

No. 20,512.

**Trover and conversion — right of action — estoppel by judgment.**

> Plaintiff turned over certain personal property to defendant in part payment of a debt and defendant accepted it as such part payment. Subsequently defendant brought suit for the debt and recovered a judgment which he collected. Thereafter plaintiff, claiming that no credit for the part payment had been given in the former suit, brought this suit for conversion of the property. *Held* that an action for conversion will not lie as the ownership of the property had passed from plaintiff to defendant, and that plaintiff should have asserted his claim of part payment in the former suit.

Action in the district court for Hennepin county to recover $500 for the conversion of certain furniture and fixtures. The facts are given in the opinion. The case was tried before Jelley, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Will A. Blanchard,* for appellant.

*Joseph Brorby* and *Joseph J. Granbeck,* for respondent.

TAYLOR, C.

Defendant had a barber shop and in connection therewith a cigar and confectionery stand in a building owned by him at Forest Lake in Washington county. In 1910, he sold the shop outfit and the cigars and confectionery then on hand to plaintiff on credit and leased the building to him. Plaintiff took possession and conducted the business until 1913,

[1]Reported in 164 N. W. 573.

when he quit and turned the shop back to defendant. Defendant took possession and operated the shop for two or three weeks, and then sold the furniture and fixtures to a third party. Plaintiff claiming to own the furniture and fixtures brought this suit to recover damages for the conversion thereof. At the close of plaintiff's evidence the trial court dismissed the suit, and plaintiff appealed from an order denying a new trial.

To sustain an action for conversion plaintiff must show that the property in controversy belonged to him and not to defendant at the time of the alleged conversion. From plaintiff's testimony it appears that he bought the shop-outfit under an agreement that defendant would take it back whenever he wished to quit; that he notified defendant in 1913 that defendant "would have to take the place back"; that at this time he was indebted to defendant in an amount which included the price he had agreed to pay for the shop-outfit and perhaps other items; that pursuant to the notice given by him he and defendant took an inventory of the property in question and fixed its value at a sum less than the amount of such indebtedness; and that on the same day he removed his household goods from the portion of the building which he had occupied as a residence, and turned over to defendant the possession of the building and of the property in controversy. Although plaintiff claims that the final settlement was to be made later and was never completed, his own version of the transaction makes it clear that both parties understood and agreed that the property in controversy was returned to and taken back by defendant, and that its agreed value was to be applied upon the indebtedness due to defendant.

More than a year later, defendant brought suit against plaintiff, in form, for the original purchase price of the shop-outfit sold to him. Plaintiff made no defense and defendant recovered judgment for the amount claimed which was subsequently paid and satisfied. Thereupon plaintiff brought the present suit for damages for the conversion of the property which he had returned. Defendant, in his answer in the present suit, asserts that the judgment in the former suit was only for the balance due him over and above the value of the property returned by plaintiff. Plaintiff denies this and claims that defendant took judgment for the entire indebtedness without deducting therefrom the value of the

property returned. However this may be, as it is clear that the property was returned to and taken over by defendant under a mutual agreement that its agreed value should be applied upon the indebtedness, it became the property of defendant, and this suit in conversion will not lie. If defendant failed to give proper credit for the property returned and brought suit for more than was due, plaintiff should have presented his defense of partial payment in that suit.

Order affirmed.