[Civ. No. 5659. First Appellate District, Division Two.—March 5, 1927.]

HAMBERGER–POLHEMUS CO. (a Corporation), Appellant, v. HIND, ROLPH & CO., INC., Respondent.

[1] MONEY HAD AND RECEIVED — PLEADING — SUFFICIENCY OF ALLEGATIONS—DEMURRERS.—The pleading of an indebtedness as a common count, alleging that defendant is indebted to plaintiff for money had and received by defendant for the use of plaintiff, is sufficient against demurrer.

[2] ID.—DEMURRER—UNCERTAINTY—BILL OF PARTICULARS.—In an action for money had and received, where the indebtedness is pleaded as a common count, defendant's remedy to raise the point of uncertainty as to how the indebtedness arose is by demanding a bill of particulars and not by demurrer.

[3] SALES—PURCHASE OF SUGAR—BREACH OF CONTRACT—DAMAGES.—In an action for damages for breach of contract to purchase sugar, the measure of damages must be that fixed by sections 3308 and 3354 of the Civil Code, which is the difference between the contract price and the market price of the sugar.

[4] DAMAGES—SPECIAL DAMAGES—PLEADING.—Where special damages only are sought, though the measure of damages is statutory, it is necessary to plead facts which would show that the pleader had sustained damages of the character for which the remedy is provided.

1. Common counts, how far allowable under code system of pleading, notes, 57 Am. Dec. 544; 34 L. R. A. (N. S.) 364. See, also, 3 Cal. Jur. 375; 2 R. C. L. 747.

3. Measure of damages against vendee for refusing to perform his contract to purchase, note, 67 Am. Dec. 275. See, also, 3 Cal. Jur. 387; 22 Cal. Jur. 1062; 24 R. C. L. 116.

4. See 8 Cal. Jur. 889; 8 R. C. L. 612.

[5] SALES—PLEADING—SPECIAL DAMAGES—EVIDENCE.—In this action for special damages for breach of contracts for the purchase and sale of sugar, a demurrer to the complaint was properly sustained, where the complaint merely alleged demand for payment of the difference between the purchase price of sugar specified in various contracts for sale and purchase, but no facts showing upon what basis the amount prayed for was fixed.

(1) 41 C. J., p. 63, n. 84.  (2) 31 Cyc., p. 282, n. 19.  (3) 35 Cyc., p. 592, n. 53.  (4) 17 C. J., p. 1002, n. 78.  (5) 35 Cyc., p. 587, n. 97.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. T. B. Warne, Judge Presiding.  Affirmed.

The facts are stated in the opinion of the court.

Hadsell, Sweet & Ingalls and Lewis N. Mitchell for Appellant.

Ira S. Lillick and Theodore M. Levy for Respondent.

NOURSE, J.—Plaintiff sued upon a complaint pleading two causes of action "for breach of contract," one in the form of a common count for money had and received and the other based upon five written contracts for the purchase and sale of sugar. The defendants' demurrer to the complaint was sustained without leave to amend and the plaintiff has appealed upon the judgment-roll.

[1] The first alleged cause of action pleads that the defendant is indebted to the plaintiff in the sum of $613.25 for money had and received by said defendant for the use of plaintiff. This pleading of an indebtedness under the old form known as a common count is sufficient against demurrer under the rule of *Pike* v. *Zadig,* 171 Cal. 273, 276 [152 Pac. 923], and cases there cited. [2] The general demurrer should, therefore, have been overruled upon the authority of that case and the special demurrer, inasmuch as it merely raised the point of uncertainty as to how the indebtedness arose, should likewise have been overruled upon the same authority (p. 277), the remedy of the defendant being to demand a bill of particulars.

The second cause of action alleged that on June 19, 1924, plaintiff and defendant entered into two contracts, designated "A" and "B," wherein the defendant agreed to buy and the plaintiff agreed to sell to defendant a total of 1,000 bags of sugar at the rate of $6.90 per hundred pounds; that on June 23, 1924, the same parties executed the contract designated "C," wherein the defendant also agreed to buy and the plaintiff to sell 1,000 bags of sugar at the price of $4.50 per hundred pounds; that delivery of the sugar mentioned in contracts "A" and "B" was to be at San Francisco; that on August 18, 1924, the same parties executed a contract designated "D," wherein the plaintiff agreed to buy and the defendant agreed to sell to plaintiff 1,000 bags of sugar at the price of $6.75 per hundred· pounds, the delivery thereof to be at San Francisco; that on the same day the same parties executed contract "E," wherein the plaintiff agreed to buy and the defendant agreed to sell 1,000 bags of sugar at $4.37½ per hundred pounds, delivery thereof to be made at Vancouver, B. C.; that thereafter the date elapsed at which the sugar should have arrived at said ports and that the time for delivery thereof had long since passed; that thereafter the plaintiff demanded of defendant that it deliver the lots of sugar mentioned in contracts "D" and "E" and at the same time informed defendant that plaintiff desired the delivery of said sugar so that it might redeliver to it the sugar agreed to be sold under contracts "A," "B," and "C"; that the defendant failed and refused to make delivery of the sugar as demanded; that the tare on said sugar amounted to one pound per bag and that the net weight of each of said bags was 223 pounds; that plaintiff had demanded of defendant that it pay the difference between the purchase prices of said sugar specified in the five contracts mentioned, but that the same has remained unpaid. The prayer of plaintiff under this cause of action is $613.25, the same amount demanded under the common count.

In support of the judgment the respondent urges that the appellant has mistaken its remedy and should have sued for the difference between the contract price and the market price of the sugar as provided in sections 3308 and 3354 of the Civil Code; that the complaint is insuffi-

cient because it does not plead any facts showing special damages sustained by the appellant, and that the contracts are void for want of mutuality.

[3] The complaint is designated as one for breach of contract. So far as the allegations of the second cause of action are concerned the only breach alleged refers to contracts "D" and "E," wherein the respondent was obligated to deliver sugar to the appellant upon payment of the purchase price thereof. It is alleged that contracts "A," "B," and "C" were executed prior to the date of execution of contracts "D" and "E," but it does not appear appellant at that time or at any time prior to the commencement of the action. It is alleged that demand was made upon the respondent to deliver the sugar called for by contracts "D" and "E," but it does not appear that the appellant at that time or at any time prior to the commencement of the action tendered payment as required by those contracts. But, on the other hand, from the allegation that at the time of the demand the appellant informed respondent that it sought delivery merely for the purpose of fulfilling its obligation to deliver under contracts "A," "B," and "C," it may be assumed that no tender of payment was made. Certainly, in an action for breach of contracts "D" and "E," which is all that the complaint pretends to cover, the measure of damages must be that fixed by sections 3308 and 3354 of the Civil Code. So far as anything appears from the pleading the market price of sugar at the place of delivery may have been less than that which the appellant was called upon to pay under the contracts which it claims to have been breached.

[4] Manifestly, where special damages only are sought, though the measure of damages is statutory, it is necessary to plead the facts which would show that the pleader had sustained damages of the character for which the remedy is provided. In *Judson Mfg. Co.* v. *Lutge,* 174 Cal. 566 [163 Pac. 1017], the supreme court had before it a pleading seeking damages for delay in delivery under a contract for the sale of material. It was pleaded "that by reason of plaintiff's said breaches of its said contract with this defendant, this defendant has been damaged in the sum of $4,000." The court said: "The damage for which recovery is here sought is, under every rule of pleading and

authority as to damage, one which must be specially and specifically pleaded'' (citing cases), and held that the defendant's failure to specifically plead this special damage justified the court's refusal to receive evidence upon it and demanded a finding and judgment against it. **[5]** Here the pleading is merely that the appellant demanded of the defendant that it pay the difference between the purchase price of sugar specified in the various contracts, and the complaint closes with a prayer for judgment in the sum of $613.25, but no facts are pleaded to show whether this was the sum demanded or to show upon what basis the amount prayed for was fixed. Thus, though the action is one for special damages for breach of contract, the complaint does not plead damage and does not allege any facts upon which a claim for damages could be based.

The demurrer to the second cause of action was properly sustained, and though the complaint might have been amended to meet the objections raised by the demurrer it does not appear that leave to amend was asked or refused.

Though we have said that the demurrer to the first cause of action should have been overruled, we find that on this appeal the appellant has frankly stated that this cause of action is predicated upon the transactions set forth in the second cause of action and that if there is no recovery to be had in the second cause of action then there could be no recovery on the first. It is frankly conceded that the entire transaction was a ''wash sale,'' as that term is used in the trade, a transaction whereby the parties agree to settle by one of them paying the other the difference between the contract price and the market price at the time of delivery. Such a transaction has been declared to be merely a speculation upon the rise and fall of the market and as such contrary to public policy and void, at least where the transaction is made with the intention to speculate on the market and not to deliver the commodities contracted for. Though in reviewing the allegations of the complaint the intention of the parties to thus speculate upon the rise and fall of the sugar market is not clear, the defendant in his brief contends that such was the character of the transaction and that this was within the knowledge of the parties from the beginning. If the cause

should go to trial and these facts should appear, judgment would necessarily go for the respondent. On the entire record the appellant has failed to show prejudicial error, but it has presented a case where, though the ruling on demurrer may have been technical error, no harm resulted because from the concessions in the brief a trial upon the merits would have come to the same end.

Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.