[Civ. No. 3585.   Third Appellate District.—October 29, 1928.]

NATIONAL CITY FINANCE COMPANY, a Trust, et al., Appellants, v. J. G. LYNCH, Respondent.

558

William A. Conover for Appellants.

Kemp, Partridge & Kemp for Respondent.

FINCH, P. J.—The trial court sustained the defendant's demurrer to the amended complaint of the plaintiffs without leave to amend, and about two months thereafter, no request

for leave to amend being made, judgment was entered dismissing the action. The plaintiffs have appealed from the judgment.

The complaint alleges that on or about January 20, 1926, the defendant executed and delivered to the plaintiff Finance Company his promissory note for $2,030, payable three months after the date mentioned and "as security for the payment of said note assigned in blank by his endorsement in writing and delivered to said National City Finance Company, 75 shares of preferred stock and 75 shares of common stock in the Credit Finance Company, . . . and agreed in said note that the said National City Finance Company may . . . sell or assign the shares and securities or any part thereof, its only obligation in respect thereto being to return to said defendant on payment of the above note on the date of maturity thereof, an equal number of shares of stock of the same class in said company. . . . That said note or any part thereof has not been paid, and will be due on or about the 19th day of April, 1926. That on or about the 21st day of January, 1926, the plaintiff under and by virtue of the authority given in said note sold and delivered to Bob Feinstein . . . 50 shares of said preferred stock and 50 shares of said common stock, in consideration of which the said Bob Feinstein . . . made and delivered to the plaintiff his check for the sum of $4,498. . . . The said defendant ordered, caused and procured the officers of said Credit Finance Corporation to refuse to transfer the said 50 shares of preferred and 50 shares of common stock upon the books of the corporation to the purchaser thereof . . . with the intent to injure the plaintiff in its business, and . . . with the intent and purpose of unlawfully repossessing himself of said stock. . . . On account of said unlawful acts on the part of the defendant the said Bob Feinstein . . . did then and there stop the payment of said check, . . . by reason of which said check has not yet been paid and the price for which said stock was sold has not been received by the plaintiff." The defendant "unlawfully, wrongfully and in collusion" with Feinstein caused the latter to deliver the 50 shares of preferred stock and 50 shares of common stock to the defendant, "without the knowledge or consent of the plaintiff thereto, and that said

defendant has since that time unlawfully retained the full possession and control of said preferred and common stock . . . and has unlawfully withheld the same from the plaintiff and has thereby wrongfully deprived the plaintiff of the use of said . . . stock . . . and has unlawfully deprived the plaintiff of the use of the money and the interest and profits thereon, for which said . . . shares . . . of stock were sold as aforesaid, to the damage of the plaintiff in the sum hereinafter mentioned. . . . The said defendant by reason of said unlawful acts above mentioned, has caused and required the plaintiff to devote a large amount of time to the ascertainment of the facts above alleged . . . and to employ counsel to ascertain and protect his rights and to go to large expense therein, to wit, the sum of $500. All to the damage of said plaintiff in the sum of $5,000.

"Wherefore, plaintiff prays judgment against said defendant for the sum of $5,000 and for his costs in this action incurred and for such other and further relief as to the court may seem just and equitable in the premises."

The original complaint was filed April 16, 1926, and the amended complaint May 7, 1926.

The defendant demurred to the complaint on general and on many special grounds of uncertainty.

The complaint is uncertain as to the theory upon which the plaintiffs claim the right to recover. In the brief of appellants, their theory of the case is stated as follows: "The intermeddling of the defendant in the transaction of the said securities on the books of the corporation and his collusion with said Bob Feinstein, in obtaining the same and withholding them from the plaintiff . . . has deprived the said plaintiff of the use of either said securities or the money for which they were sold . . . during the period elapsing between the date when the sale of said securities was made . . . and the date of the maturity of said note. The least amount of damages that might be collected for the use of said money would be interest thereon at the rate of 7%, amounting to the sum of $30. . . . A greater element of damages, however, than the nominal monetary damages, is the interference with the contract obligation and duty which the defendant owes the plaintiff under the terms of said note and the annoyance and inconvenience caused by

such violation of the rights of the defendant (plaintiffs?) thereunder. . . . The rights of the plaintiff were interfered with by the defendant, causing him the loss of the stock for its alternative use either (1) as collateral or (2) to sell under the power of sale given in the note. Since the power of sale in the note was exercised and the stock sold, the plaintiff was deprived of the purchase price and/or its use as collateral through the unlawful acts of the defendant.''

The contention that the plaintiffs are entitled to damages in the sum of $30 on account of loss of interest may be dismissed from consideration because, if no other right of recovery is stated, the complaint does not state a cause of action of which the superior court has jurisdiction. (*Consolidated Adjustment Co.* v. *Superior Court,* 189 Cal. 92, 94 [207 Pac. 552].) Other elements of damage stated in the complaint or referred to in appellants' brief are not the natural and necessary consequences of the alleged wrongful acts and cannot be recovered under general allegations of damages but must be specially pleaded. (*Yoakam* v. *Hogan,* 198 Cal. 16, 20 [243 Pac. 21]; *Judson Mfg. Co.* v. *Lutge,* 174 Cal. 566 [163 Pac. 1017]; *Zibbell* v. *Southern Pacific Co.,* 160 Cal. 237, 251 [116 Pac. 513]; *Shaw* v. *Southern Pacific Co.,* 157 Cal. 240, 242 [107 Pac. 108]; *Mallory* v. *Thomas,* 98 Cal. 644, 647 [33 Pac. 757]; *Mitchell* v. *Clarke,* 71 Cal. 163 [60 Am. Rep. 529, 11 Pac. 882]; *McCready* v. *Bullis,* 59 Cal. App. 286, 290 [210 Pac. 638].) Appellants seem to admit that the profits which they might have made by the use of the money for which shares of stock were sold to Feinstein ''are too uncertain and remote to be susceptible of expression in monetary damages.''

The action cannot be treated as one in conversion, because the complaint alleges that the Finance Company sold and delivered the shares of stock to Feinstein. By this transaction Feinstein acquired the entire title to the stock. (*Fowles* v. *National Bank of California,* 167 Cal. 653 [140 Pac. 271].) There is nothing in the complaint to indicate that the Finance Company has taken or contemplates taking any steps to rescind the sale to Feinstein or to recover the stock from him. Having no interest in the stock, it has no standing to maintain an action for the conversion thereof.

The allegation that the Finance Company has expended $500 in the "ascertainment of the facts" alleged in parts of the complaint and the employment of "counsel to ascertain and protect" its rights indicates that the intention was to state a cause of action in replevin or conversion, but, since the facts alleged are insufficient to constitute either of such causes of action, no grounds appear for the recovery of such expenditures.

The appellants having pointed out no logical theory upon which the complaint can be held sufficient, it is not deemed incumbent on the court to search further for such a theory.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.