[No. 25763. Department Two. March 23, 1936.]

W. L. CARPENTER, *Respondent,* v. GEORGE H. LENT
*et al., Appellants.*[1]

*Wright, Jones & Bronson,* for appellants.
*Knapp, Thompson & Vinton,* for respondent.

BLAKE, J.—This is an action in conversion. Plaintiff recovered judgment for $1,060, the value of fourteen lift vans and a Pierce-Arrow furniture van, which

[1]Reported in 56 P. (2d) 157.

the court found to be the property of the plaintiff and to have been appropriated by the defendants. Defendants appeal.

In order to understand the questions to be disposed of on the appeal, it is necessary to make, in considerable detail, a statement of the facts out of which the alleged conversion arose.

The appellants were the owners of a warehouse on Westlake avenue, in Seattle. Prior to June, 1933, they had leased the property to Safeway Moving & Storage Company, a Washington corporation. As its name indicates, the company was engaged in the storage and transfer business. It was operated and managed by one Younger, who operated a similar business in Oregon, with headquarters in Portland. The Oregon business was conducted under the same name, but was incorporated under the laws of Oregon.

The respondent had for a number of years been conducting an extensive transfer and storage business on the Pacific coast. He had maintained a place of business on Boren avenue in Seattle. He concluded to close that place of business, but, desiring to maintain connections in Seattle and Portland, he entered into a contract with Younger's corporations on June 17, 1933. The contract was executed by Carpenter, on the one hand, and "Safeway Moving & Storage Co. of Oregon" and "Safeway Moving & Storage Co. of Washington," on the other. The substance of the agreement was that Carpenter subscribed for twenty-five shares of the stock in each corporation, at one hundred dollars per share. In payment of the stock of the Washington corporation, Carpenter agreed:

"To transfer to the Safeway Moving & Storage Co. of Washington . . . one G. M. C. two-ton furniture van, one Ford flat truck, one Model-A Ford roadster, one five-ton Pierce-Arrow furniture van, all office furniture, dollies, furniture pads, rope, steels, bars,

etc., now used in the conduct of their business located at 415 Boren avenue north in the city of Seattle . . ."

In payment of the stock of the Oregon corporation, Carpenter agreed as follows:

"Said party of the first part in payment of his stock subscription of twenty-five (25) shares of common stock of the Safeway Moving & Storage Co. of Oregon agrees to deliver to the Safeway Moving & Storage Co. at 254 Sixth street, Portland, the following items, all of said items to be clear of encumbrances: One Pierce-Arrow furniture van . . ."

Unless the contract itself may constitute a formal transfer of the property described, none was made by Carpenter to the corporations. Shortly after the contract was executed, however, the Washington corporation took possession of all of the property first above described, and in July the Pierce-Arrow moving van referred to in the second description was taken in possession by Younger at Portland and brought to Seattle, where it was used, with the other property described, in and about the business of the Safeway Moving & Storage Co. of Washington.

In January, 1934, appellants brought an action to recover from Safeway Moving & Storage Company $1,680, on account of past due rent, and to foreclose their landlord's lien for two months rent. They caused an attachment to issue, and levy was made on the above-described personal property and, in addition, fourteen lift vans, belonging to Carpenter, which were on the premises at the time the levy was made. Thereafter, Carpenter made demand on the sheriff and appellants herein for a return of the property. The demand being refused, Carpenter then instituted this action in conversion.

The two causes were tried together, and the court sustained the landlord's lien and the levy on all of the

property attached, except the fourteen lift vans, and the Pierce-Arrow furniture van which Carpenter, under the contract of June 17, 1933, had agreed to deliver to Safeway Moving & Storage Co. of Oregon.

■ We shall first dispose of appellants' contentions with respect to the lift vans. There is no question but that they were at all times the property of Carpenter. Three of them were in the warehouse on Boren avenue, and Younger took them with the other property to the warehouse on Westlake avenue. The other eleven had been shipped loaded to Seattle. All fourteen were being held in the Westlake warehouse, awaiting an opportunity for reloading and shipment to other destinations.

From the evidence, it is clearly inferable that they were being held subject to all of Carpenter's property rights in them. Yet appellants seek to hold them under claim of the landlord's lien accorded by Rem. Rev. Stat., § 1203-1 [P. C. § 9677]. The statute, however, expressly exempts from the lien created "property of third persons delivered to or left with the tenant for storage . . ." Conceding, for the sake of argument, that, as appellants contend, the landlord's lien may attach to the property of third persons "used or kept on the rented premises by the tenant," we do not think that there is any evidence to warrant an inference that these lift vans were in any sense "used or kept" in connection with the business of Safeway Moving & Storage Company.

■ The validity of the attachment as to the Pierce-Arrow furniture van depends upon whether, at the time of levy, title to the van was in Carpenter or in Safeway Moving & Storage Co. of Oregon. For, when title to personal property must rest in one of two persons, evidence which determines title as between them will determine it as between one of them and a

stranger to the title who asserts it to be in the other. *Union Feed Co. v. Pacific Clipper Line,* 31 Wash. 28, 71 Pac. 552; *Gray & Barash v. Puget Sound Navigation Co.,* 118 Wash. 376, 203 Pac. 975. So, the attachment was ineffectual if title to the van was in Carpenter at the time of levy. *Greenwood v. Corbin,* 48 Wash. 357, 93 Pac. 433. On the other hand, if title had passed from him to the Oregon corporation, he cannot maintain the action. *National City Finance Co. v. Lynch,* 94 Cal. App. 557, 271 Pac. 540; *Mitchell v. Heisen,* 169 Ill. App. 531; *Lewyn v. Pathe Exchange,* 35 F. (2d) 129; *Peltier v. Nadeau,* 138 Minn. 126, 164 N. W. 578; *McLendon v. Simmons,* 40 Ga. App. 27, 148 S. E. 626.

■ Whether title has passed or not depends primarily upon the intention of the parties to the contract. (Uniform Sales Act) Rem. Rev. Stat., § 5836-18 [P. C. § 6227-18]; *Gray & Barash v. Puget Sound Navigation Co., supra.* As we have said, there was no formal transfer of the property by way of bill of sale. But the trial court sustained the attachment as to the property transferred to the Washington corporation, upon the theory that title had passed from Carpenter to it. It seems to us that, by the same token, it must be held that the title to the Pierce-Arrow van passed from Carpenter to the Oregon corporation. While this would not sustain the attachment as against the latter, Carpenter is put in the same position with respect to this van as he was in with respect to the property transferred to the Washington corporation. He had no title or right to possession upon which to predicate an action in conversion.

It is urged by respondent that title to the van did not pass from him to the Oregon corporation, because the twenty-five shares of stock in that corporation were never delivered to him. The same was true with respect to the stock he was to receive from the Wash-

ington corporation. But, instead of taking steps to rescind the contract for that reason, he affirmed it by demanding the stock. It has been held that, where one has sold and delivered property to another and has taken no steps to rescind the sale, he cannot maintain an action for conversion. *National City Finance Co. v. Lynch, supra; Lewyn v. Pathe Exchange, supra.* See, also, *Koehler v. Franklin Paving Co.*, 269 S. W. (Mo. App.) 400.

We believe that the evidence is as strong, or even stronger, in support of the view that Carpenter parted with title to the Pierce-Arrow van as it is in support of the view that he parted with title to the property transferred to the Washington corporation. For, reverting to the portions of the contract which we have quoted, we find that, in payment of his subscription of stock in the Washington corporation, he agreed "to *transfer* the following items, free and clear of encumbrance . . .;" and in payment of his subscription for stock in the Oregon corporation, he "agrees to *deliver* to Safeway Moving & Storage Co. at 254 Sixth street, Portland, . . . one Pierce-Arrow furniture van." While there is no direct evidence that the truck was delivered at the address given, we think no other inference can be drawn from the evidence. For we find it in the hands of the manager of that corporation within six weeks from the date of the contract. That he got possession of it in Portland, is admitted; that he got possession of it pursuant to the terms of the contract, is not open to doubt.

We conclude that it was the intention of the parties that title to the truck should pass from Carpenter to the Oregon corporation on delivery. Since Carpenter did not establish title to, or right to possession of, the Pierce-Arrow furniture van, he is not entitled to recover its value.

464

The cause is remanded, with directions to modify the judgment accordingly.

MILLARD, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.