[Civ. No. 4069.   Fourth Dist.   Sept. 7, 1950.]

MARVIN SHOOK, Appellant, v. ROLAND PEARSON et al., Respondents.

David S. Folsom for Appellant.

Wild, Carlson & Reeve and Robert M. Barnard for Respondents.

GRIFFIN, Acting P.J.—The trial court made an order of dismissal after sustaining defendants' demurrer to plaintiff's fourth amended complaint without leave to amend. Plaintiff appealed.

The first cause of action alleges that defendants, in May, 1948, in consideration of plaintiff's agreement to act as sales agent for them, entered into an oral contract whereby defendants granted plaintiff the exclusive agency for the marketing of defendants' products; that plaintiff performed all of the terms and conditions of the agreement on his part; and that defendants agreed to pay plaintiff 10 per cent of the list price of such products sold during the term of such exclusive agency (such list was attached to the complaint and referred to as Exhibit A). It was then alleged that the contract was terminated in October, 1948, and during such term of exclusive agency there accrued to plaintiff, for his unpaid commissions, the sum of $2,015.

As a second cause of action plaintiff alleges that on October 1, 1948, plaintiff and defendants entered into an oral agreement whereby defendants agreed to manufacture for plaintiff, in accordance with plaintiff's specifications, certain airplanes known as "dusters" and "spray rigs" and to sell to plaintiff the entire production thereof for certain alleged specified prices; that plaintiff paid defendant $3,000 to apply on the purchase price, and in reliance on said agreement, plaintiff entered into binding contracts to sell and deliver seven dusters

and spray rigs; that these contracts were approved and confirmed by defendants; and that plaintiff, in relying upon defendants' agreement, expended. $1,182 in obtaining said contracts and in anticipation of additional contracts to be obtained in the future for said airplanes. The complaint then avers that plaintiff was unable to specify the items of expenditure contained in said sum of $1,182; that in January, 1949, defendants notified plaintiff that they would not deliver or sell to plaintiff any of the airplanes contracted for at the price agreed upon, and demanded of plaintiff a higher price; that plaintiff performed his part of the agreement and was able and willing to accept delivery at the contract price and pay the balance of the purchase price; that by reason of the premises plaintiff suffered damages in the sum of $15,000, plus $1182 special damages heretofore mentioned, in addition to the $2,015 claimed as damages in the first count.

Defendants demurred to both causes of action only on the ground that the facts stated were not sufficient to constitute a cause of action, and on the ground of uncertainty. The trial court made a general order sustaining the demurrer to plaintiff's fourth amended complaint, without leave to amend.

Plaintiff does not complain that he was not granted further time to amend. He requested that if the demurrer be sustained, it be sustained without leave to amend so that the issue here involved could be squarely presented to the appellate court. He states in his brief that there is only one issue on this appeal, i.e., whether, under the second cause of action and in particular the portion alleging special damages in the sum of $1,182, in the face of the demurrer for uncertainty, plaintiff was required to allege how or in what manner or for what purpose plaintiff expended that sum.

Defendants' position is that a demurrer for uncertainty as to this count was proper and that plaintiff, having failed to allege the items of damage, the demurrer was properly sustained and that where special damages are sought, it is necessary to plead the facts which would show that the pleader has sustained damages of the character alleged, citing *Hamberger-Polhemus Company* v. *Hind, Rolph & Company,* 81 Cal.App. 624, 627 [254 P. 615]; and *Casaretto* v. *De-Lucchi,* 76 Cal.App.2d 800 [174 P.2d 328].

Plaintiff claims otherwise and argues that since the total amount claimed to have been expended was alleged, it was not necessary to allege the various items making up such total, but if defendants desired such information they could

have demanded a bill of particulars if they were so advised, citing Code Civ. Proc., § 454; that the failure to supply such detailed information in the complaint may not be subject to attack by demurrer for uncertainty and plaintiff's refusal to so amend would not support an order sustaining a demurrer without leave to amend, citing *Gaddis* v. *Grant*, 39 Cal.App. 437 [179 P. 410]; *Henning* v. *Clark*, 46 Cal.App. 551 [189 P. 714]; *Jacobson* v. *Oakland Meat & Packing Co.*, 161 Cal. 425 [119 P. 653, Ann.Cas. 1913B 1194]; and *Brea* v. *McGlashan*, 3 Cal.App.2d 454, 459 [39 P.2d 877]. Section 454 of the Code of Civil Procedure applies principally to the pleading of accounts. (1 Cal.Jur. p. 157, § 18; 21 Cal.Jur. p. 69, § 43.)

From an examination of the amended complaint a cause of action is stated against defendants both as to the first and second counts, as applied to the general damages sought. This fact is not questioned in the briefs.

■ It is the general rule, as adopted by this court in *Bacon* v. *Wahrhaftig*, 97 Cal.App.2d 599 [218 P.2d 144] (Hearing in the Supreme Court denied), that a demurrer which attacks an entire pleading should be overruled if one of the counts therein is not vulnerable to the objection, citing *Lord* v. *Garland*, 27 Cal.2d 840, 853 [168 P.2d 5]. If any count or cause of action in a complaint setting up several counts or causes of action is good as against demurrer, a judgment of dismissal for insufficiency of the complaint cannot be sustained. (*Armstrong* v. *Adams*, 102 Cal.App. 677 [283 P. 871].) The ruling on the general demurrer as to the first count should be reversed. The same is true as to the second count pertaining to the general demurrer, insofar as it relates to the general damages claimed, unless plaintiff's refusal to further amend as to that count in respect to the claimed special damages would preclude such a ruling. ■ The general rule is that when a plaintiff seeks the recovery of general damages in one count, the fact that he also seeks special damages does not preclude the recovery of general damages. (*Hamer* v. *Ellis*, 40 Cal. App. 57 [180 P. 30]; 8 Cal.App. 749, § 19.) ■ A defendant cannot be presumed to be aware of the special damage resulting from his act, and therefore, in order to prevent a surprise on him, this sort of damage must be specially set forth in the complaint, or the plaintiff will not be permitted to give evidence of it. (8 Cal.Jur. p. 889, § 127.) ■ And an allegation that by reason of the breaches of contract the party has

suffered special damages in a named sum, is not enough. (*Judson Manufacturing Co.* v. *Lutge,* 174 Cal. 566 [163 P. 1017]; 8 Cal.Jur. 891, § 128.) The facts as to special damages must be stated with particularity. The amount of such damages must be stated with particularity. The amount of such damages must be given, and the means of occasioning them must be set forth. ▮ When such damages depend on proof of different circumstances from the general damages, the grounds of each claim should be alleged. (8 Cal. Jur. 890, § 127.) ▮ It is a well recognized rule of law that recovery may be had for damages not covered by the general liability for breach of contract, only where the facts are specially pleaded showing that the injury was one reasonably within the contemplation of the parties. (*Cohn* v. *Bessemer G. E. Co.,* 44 Cal.App. 85, 89 [186 P. 200]; Chitty on Pleading, 410, 411.) To this general rule must be added the statement that: ''to cover the requirements in such a case . . . there must also be pleaded facts which show that the conditions likely to result in the special injury complained of *were brought to the attention of the defendant at the time the contract was made.''* (Italics ours.) (*Cohn* v. *Bessemer G. E. Co., supra,* p. 90.)

In *Mitchell* v. *Clarke,* 71 Cal. 163 [11 P. 882, 60 Am.Rep. 529], it was held that evidence of special damages is inadmissible, without an averment in the complaint of special circumstances entitling the plaintiff thereto, *of which the defendant had knowledge at the time of entering into the contract.* The purpose of such averment is that such special damages, if they have occurred, will give notice to the defendant thereof so that he may be prepared to contest them. ▮ While it is here alleged that in reliance upon defendants' agreement plaintiff made binding contracts with others to sell and deliver dusters and spray rigs and that these contracts were known to and approved by defendants, there is wholly lacking the allegation that defendants had knowledge of or in any way had notice of the fact that plaintiff was expending any sum in obtaining said contracts or in anticipation of additional contracts. It likewise is not specially averred what items went to make up the sum claimed to have been expended, or that they were necessarily expended with the knowledge of defendants or within the reasonable contemplation of the parties. In fact, the allegation is that plaintiff was ''*unable* to specify the items of expenditure.'' Counsel for plaintiff freely concedes, according to the record before us, ''that there is nothing further that I can add to my complaint.''

The conclusion must be then that the court erroneously sustained the general demurrer as to both counts pertaining to the allegations of general damage, and that the judgment of dismissal as to those counts must be reversed. The sustaining of the special demurrer for uncertainty was proper insofar as it related to the special damages.

Judgment reversed.

Mussell, J., concurred.

Mr. Justice Barnard, being disqualified, did not participate herein.